AIDA E. JONES *vs.* JUDSON A. MELVIN.

Suffolk.　January 9, 1935. — December 30, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence,* Gross, Motor vehicle, In use of way.　*Motor Vehicle,* Operation.

A finding of gross negligence on the part of the operator of an automobile was warranted on evidence that upon being ordered to pursue another automobile by a police officer who jumped upon his running board, he drove at a high rate of speed upon two streets which were wet and very slippery, finally going around a circular "island" which divided the second street, upon a very narrow, curved roadway, to the point where the parts of the street joined again and the curve ended, where his automobile struck the curbing violently and was thrown across the street, injuring a guest riding in it; that throughout the chase the automobile swayed from one side to the other, and swerved and slewed, and the operator disregarded intermittent screams of the guest; and that despite the presence of the police officer, the operator remained in control of the manner in which the automobile was operated throughout the chase.

TORT. Writ dated June 3, 1930.

The action was tried in the Superior Court before *Sisk*, J. The verdict for the plaintiff was in the sum of $1,500.

*J. J. Mulcahy*, for the defendant.

*E. O. Proctor*, for the plaintiff.

DONAHUE, J.    The plaintiff and her husband were invited by the defendant to take a ride in his automobile which he operated while the plaintiff and her husband rode in the rumble seat. It was proceeding westerly on Beacon Street, Brookline, about half past nine in the evening when a police officer signalled the defendant to slow down, jumped upon the running board and told the defendant to "Chase that car," indicating an automobile which had come out from an intersecting street at the right, crossed the car tracks in the center of the street, then turned to its left and was proceeding easterly down Beacon Street. The defendant immediately turned and followed. A third automobile joined in the chase and passed the defendant's automobile. There was no evidence of other traffic in the street. The three automobiles continued on Beacon Street to Regent Circle, an intersecting private way running north and south, into which the pursued automobile turned and the other two followed. There was evidence that while in Regent Circle the defendant's automobile came in contact with the curbstone and the plaintiff was injured.

The first count of the plaintiff's declaration alleged negligence of the defendant and the second count gross negligence. At the close of the evidence at the trial in the Superior Court the judge directed a verdict for the defendant on the first count and denied a motion of the defendant for a directed verdict on the second count. The jury returned a verdict for the plaintiff on the second count. The case is before us on the defendant's exception to the refusal of the judge to grant his motion for a directed verdict on the second count and on the plaintiff's exceptions to the direction of a verdict for the defendant on the first count and to the refusal of the judge to grant certain rulings requested by the plaintiff.

The evidence was conflicting as to the manner in which the defendant operated his automobile and as to the manner

of the receipt of injury by the plaintiff. There was evidence which, if believed, warranted the jury in finding the facts to be as here related. The officer testified that the automobile he desired to pursue had entered Beacon Street, a designated "through way," without stopping as required by law (G. L. [Ter. Ed.] c. 85, § 2; c. 89, § 9) and that the driver attempted to run him down. He did not then know but later learned that the automobile had been stolen. He did not tell the defendant and the defendant did not know why the automobile was being pursued. Yet after starting in pursuit of the other automobile the defendant drove his automobile down Beacon Street at the rate of fifty miles an hour, with the police officer on the running board blowing his whistle. As the defendant approached a street intersection where a red traffic light appeared the officer told the defendant to continue through the intersection. The defendant did so at undiminished speed, the automobile "careening, swaying across the road from one side to the other." From the time the pursuit started the plaintiff screamed intermittently to be let out of the automobile. A window back of the driver's seat was open and there was evidence which justified the conclusion that the plaintiff's screams could have been heard by the defendant. As the automobile went around corners it swerved and slewed. The road in Regent Circle where the chase led was thirty feet wide at its Beacon Street end and for some distance, up to a point where the road divided at a circular area covered with shrubs, referred to in the record as an "island." A sign was there displayed directing traffic to go to the right. Automobiles were parked in Regent Circle on both roadways and only a narrow strip of road was left on each for the passage of other automobiles. It was raining and the streets were very slippery. At the fork of the roadway the defendant turned to the left, where the sign directed traffic to go to the right, and drove along the narrow lane of slippery road available for passage, with his automobile swaying from one side to the other, at the rate of forty-five miles an hour. Beyond the circular area or "island" the divided roadways united again into a single road. Having traversed

the left hand roadway around the circular area to a point or corner where the left, curving line of the roadway ended, the automobile struck violently the left hand curb and was "thrown across the roadway so that the right rear of the car struck the curbing on the right hand side," and then proceeded on. The plaintiff was injured when the automobile hit the left hand curbing.

On the facts as the jury might have found them and permissible inferences therefrom we find no error in the refusal of the trial judge to direct a verdict for the defendant on the second count. It is not necessary in order properly to reach the conclusion that a defendant's conduct was so regardless of the rights of a plaintiff as to amount to gross negligence, that any single circumstance appearing should afford the basis for such conclusion. It is enough if a combination of circumstances warrants the finding of gross negligence. *Lefeave* v. *Ascher*, 292 Mass. 336. *Cini* v. *Romeo*, 290 Mass. 532.

The plaintiff's injuries were the result of the conduct of the defendant while operating his automobile in Regent Circle. But in determining whether he was there so disregardful of the duty he owed to the plaintiff as to be grossly negligent, his conduct before entering Regent Circle is a circumstance to be considered. The plaintiff's screams from the time the pursuit began were a constant reminder of her presence and of her protest against being subjected to the dangers of such a chase. There is nothing indicating that in the operation of his automobile on Beacon Street or in Regent Circle he paid any attention to them. The likelihood of danger, due to the existing slippery condition of the streets, in operating his automobile in the manner he selected, while going along Beacon Street and in turning corners, had been indicated to him before he reached the scene of the accident by the swaying, swerving, slewing of his automobile. When, in Regent Circle, the same erratic movements of the vehicle were again resumed, he drove on ignoring them. Viewing all the combined circumstances, we think that there was evidence from which the jury might have concluded that the defendant had surrendered

to the thrill of the chase to such a degree that he had become wholly unmindful of his duty to the plaintiff and that he was guilty of gross negligence within the established definition of those words. *Altman* v. *Aronson*, 231 Mass. 588.

The defendant concedes in his brief that although he engaged in the pursuit at the direction of the police officer, he would not thereby be justified in operating his automobile at a rate of speed greater than was consistent with public safety including the safety of those riding with him. *Marcienowski* v. *Sanders*, 252 Mass. 65. It is not necessary to decide whether § 24 of G. L. (Ter. Ed.) c. 268, which imposes a penalty upon one who neglects or refuses to assist when "required in the name of the commonwealth" under stated circumstances by a police officer or other described official, had application here, or to what extent, if any, under the statute or at common law a person complying with such a request may be relieved from the consequences of his negligent or grossly negligent conduct. The defendant, however, contends that the fact that he was told by the police officer to pursue the other automobile is an important circumstance to be considered in determining whether there was evidence warranting the submission of the case to the jury on the issue of gross negligence. On the facts as the jury might have found them it was not of controlling importance. The defendant did not surrender his right as owner to control the manner in which the automobile should be operated or the rate of speed at which it should be driven. It could have been found that throughout the chase the defendant, and not the police officer, was the master of the automobile with respect to the method of its operation. The officer spoke to the defendant only three times up to the occurrence of the plaintiff's injury. At the outset he said "Chase that car" but he added no direction as to the manner of its operation or as to its speed. At the intersection where a red traffic light appeared he told the defendant to drive through. He also told the defendant at that place to slow down. There was evidence, however, warranting the finding that the defendant disregarded the suggestion and drove through the intersection

at unslackened speed. If the jury found that during the pursuit the defendant operated his automobile as he chose, anything appearing as to what the officer did or said would not prevent the defendant being found grossly negligent.

The defendant's exceptions must be overruled. In such event the plaintiff has agreed that her exceptions may be treated as waived.

> *Plaintiff's exceptions waived.*
> *Defendant's exceptions overruled.*