COMMONWEALTH *vs.* ROY E. MANNING
(and five companion cases[1]).

Middlesex. November 8, 1989. - January 11, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Search and Seizure*, Expectation of privacy, Standing to object, Affidavit,
Probable cause. *Probable Cause. Constitutional Law*, Search and
seizure.

Defendants seeking suppression of evidence seized pursuant to a search
warrant could not successfully advance, as the sole ground for allow-
ance of their motion, the unlawfulness of the arrest of an individual
who, after his arrest, had supplied the information on which police
based their affidavit in support of the search warrant. [428-429]

The record of the hearing on a motion to suppress evidence did not support
the defendants' contention that they were special targets of a criminal
investigation entitled to assert a claim of standing to challenge uncon-
stitutional police conduct toward another person. [429-430]

INDICTMENTS found and returned in the Superior Court
Department on July 30, 1987.

Pretrial motions to suppress evidence were heard by *Hiller
B. Zobel, J.*

An application for an interlocutory appeal was allowed by
*Nolan, J.,* in the Supreme Judicial Court for the county of
Suffolk, and the appeal was reported by him to the Appeals
Court. The Supreme Judicial Court transferred the case on
its own initiative.

*Patricia M. Darrigo,* Assistant District Attorney, for the
Commonwealth.

*Daniel Patrick Leonard* for Roy E. Manning.

*Joan M. Griffin* for Kimberly A. Hobson.

[1]Two against Kimberly A. Hobson, one against Andrew C. Patey, and
two against Roy E. Manning.

*Paul F. Markham* for Andrew C. Patey.

WILKINS, J. Framingham police officers searched an apartment acting pursuant to a search warrant that had been issued on the basis of an affidavit that, on its face, showed probable cause to conduct the search. Evidence allegedly incriminating the defendants was discovered in the course of the search and led to the defendants' indictment on various drug-related offenses.

The police had obtained the crucial information on which the affidavit was based from one James Walsh, whom they had arrested earlier on the day of the search. A judge in the Superior Court ruled that Walsh had been arrested without probable cause and allowed the defendants' motions to suppress the evidence seized during the search. A single justice of this court granted the Commonwealth leave to appeal to the Appeals Court (Mass. R. Crim. P. 15 [b][2], 378 Mass. 882 [1979]), and we transferred the appeal here on our own motion.

The issue in this case is whether the defendants, in seeking to suppress evidence of their alleged criminal conduct, may properly rely on the unlawfulness of Walsh's arrest. If they may, the claim is that, because the search was based on information obtained from Walsh following his unlawful arrest, the product of the unlawful arrest and the unlawful search must be suppressed as fruits of the poisonous tree. See *Wong Sun* v. *United States,* 371 U.S. 471 (1963).[2]

On April 23, 1987, Detective Daniel Hutchinson of the Waltham police department's narcotics unit telephoned Detective Steven Carl of the Framingham police department. According to Carl, Hutchinson told Carl that, based on information from a confidential informant, he expected that there would be an illicit drug sale in Framingham. He described the expected purchaser of the drugs, his motor vehicle, and the location of the anticipated sale. Acting on the transmitted information, Framingham police arrested James

---

[2]The Commonwealth entered a "nolle prosequi" as to charges against Walsh.

Walsh and found a plastic bag containing cocaine as well as an envelope containing hypodermic needles and syringes. The Framingham police questioned Walsh, who provided them with information concerning the sale of drugs by the defendant Manning in an apartment occupied by Manning and the defendant Kimberly Hobson. Detective Carl prepared an affidavit in support of a warrant to search that apartment, and a search warrant was issued. The search was conducted, and controlled substances were found. The defendant Patey was a visitor at the apartment at the time of the search. All three defendants were arrested and indicted on various narcotics offenses.

The defendants moved to suppress the evidence seized at the apartment, alleging that, with the information obtained from Walsh excised, the application for the warrant lacked probable cause. In December, 1987, the judge assumed (without deciding) that the defendants had standing to challenge the lawfulness of Walsh's arrest and concluded that Walsh's arrest was founded on probable cause. He ruled that the information the confidential informant had furnished to the Waltham police (and that Hutchinson had passed on to Detective Carl) provided probable cause to arrest Walsh. He denied the motions.

The defendants moved for reconsideration. They asserted that the informant was Jayne Walsh and that she could not have been a reliable informant because she had never furnished reliable information to the Waltham police prior to her disclosing the anticipated drug purchase by James Walsh. At a hearing on the motion to reconsider, Jayne Walsh so testified and (now former) Detective Hutchinson of the Waltham police department confirmed that his informant had not previously given him reliable information. He also testified that he had not told Detective Carl that the confidential informant had previously provided him with reliable information. The judge concluded that James Walsh had been arrested without probable cause, and allowed the motions to suppress.

The defendants Manning and Hobson presumably may challenge the search of their own apartment, a place as to which it seems likely they had a reasonable expectation of privacy. See *Rawlings* v. *Kentucky*, 448 U.S. 98, 105-106 (1980); *United States* v. *Salvucci*, 448 U.S. 83, 92-93 (1980); *Commonwealth* v. *Podgurski*, 386 Mass. 385, 387-388 & n.5 (1982), cert. denied, 459 U.S. 1222 (1983). We shall assume, without deciding, that the defendant Patey, who was charged with a possessory crime, automatically has standing to challenge the search of the Framingham apartment.[3]

The issue, whether expressed in terms of standing or in terms of the reach of the exclusionary rule, is whether the defendants may rely successfully on the unlawfulness of Walsh's arrest to invalidate the search of the Framingham apartment. In *Commonwealth* v. *Santoro, ante* 421 (1990), we hold today that a defendant could not rely on the unlawfulness of a search of the premises of another that in turn led to information that provided probable cause to search the defendant's premises. Applying the same principle here, we hold that the defendants may not successfully advance the unlawfulness of Walsh's arrest as the sole ground for invalidating the Framingham search.

In this case, however, the defendants present theories of standing that were not argued in the *Santoro* case. The fact that the defendants may challenge the Framingham search, even on some theory of "automatic standing," does not mean that they automatically have the right to rely on any unlawfulness in the process by which information was gathered leading to probable cause to search the Framingham apartment. See *Rakas* v. *Illinois*, 439 U.S. 128, 137-138 & n.6 (1978). Similarly, in the *Santoro* case, the fact that Santoro had the right to challenge a statutory violation did not mean

---

[3]This court has not yet decided whether under art. 14 of the Massachusetts Declaration of Rights we will recognize automatic standing. See *Commonwealth* v. *Mora*, 402 Mass. 262, 266 (1988).

suppression of the unlawfully intercepted telephone conversations was required. *Commonwealth* v. *Santoro, supra* at 423.

The question is whether the principles underlying the exclusionary rule, which is largely the need to discourage future police misconduct, require the exclusion of the evidence seized in Framingham. The Commonwealth has dropped the charges against Walsh, as it had to in light of his unlawful arrest. In the normal course, we regard the dismissal of charges against the person whose rights were primarily violated to be a sufficient deterrent to improper police conduct. The United States Supreme Court agrees with this reasoning. See *Rakas* v. *Illinois, supra* at 137; *Alderman* v. *United States,* 394 U.S. 165, 174-175 (1969).

The defendants argue, however, that they are entitled to "target standing," standing because the police were seeking to reach the defendants (or at least the defendant Manning) when they unconstitutionally intruded on Walsh's rights. The Supreme Court has rejected the concept of target standing. *Rakas* v. *Illinois, supra* at 133-138. We need not decide here whether, under the Constitution of the Commonwealth, we would recognize the right of one who is the target of an investigation, to challenge unconstitutional conduct toward a third person. Unconstitutional searches of small fish intentionally undertaken in order to catch big ones may have to be discouraged by allowing the big fish, when caught, to rely on the violation of the rights of the small fish, as to whose prosecution the police are relatively indifferent. See 4 W. LaFave, Search and Seizure § 11.3(h), at 354-355 (1987).

The obvious problem with application of the "target" theory here is that it is not supported on the record. The judge explicitly found that Detective Carl of the Framingham police did not act recklessly or with the intention of making any misstatements in the affidavit in support of the search warrant. The evidence does not support any finding of intentional wrongdoing. There is no evidence or finding by the motion judge that Manning (or any other defendant) was a special target of the Waltham police, or that the Waltham police violated Walsh's constitutional rights for the purpose of

reaching Manning. An affidavit of Jayne Walsh, not in evidence before the motion judge, cannot provide support for the assertion that Manning was a target of the Waltham police. Jayne Walsh testified, but the defendants did not question her about the facts set out in her affidavit. We, therefore, reject the target standing argument on this record. We are not impressed with the defendants' claim that they have derivative standing because, if Walsh had been a codefendant, he (and hence they, they argue) would have had standing to challenge the lawfulness of his arrest.

The judge in his discretion may elect to reconsider the motions to suppress, based on a claim that one or more of the defendants was a target of the police, who intentionally violated Walsh's rights with the goal of obtaining incriminating evidence against one or more of the defendants.

The orders allowing the defendants' motions to suppress evidence are vacated, and the cases are remanded for further proceedings.

*So ordered.*