# DECISIONS

## OF THE

## SUPREME JUDICIAL COURT

### OF

## MASSACHUSETTS

COMMONWEALTH *vs.* DENNIS M. MORRISSEY.

Worcester. November 7, 1995. - January 31, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Motor Vehicle,* Operating under the influence. *Arrest. Police,* Unlawful arrest. *Search and Seizure,* Arrest.

A police officer who had reason to believe that the defendant was operating a motor vehicle while under the influence of alcohol had authority to stop the defendant to make an investigative inquiry and properly transferred that authority, pursuant to G. L. c. 268, § 24, to another police officer who made a lawful stop of the defendant notwithstanding it was made outside of the second officer's territorial jurisdiction. [3-6]

COMPLAINT received and sworn to in the Worcester Division of the District Court Department on May 29, 1992.

On transfer to the jury session, a pretrial motion to suppress evidence was heard by *Patrick A. Fox,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Sandra L. Hautanen*, Assistant District Attorney, for the Commonwealth.

*Vincent F. Ricciardi* for the defendant.

*Scott Harshbarger*, Attorney General, & *Elisabeth Medvedow*, Assistant Attorney General, for the Attorney General, amicus curiae, submitted a brief.

ABRAMS, J. The defendant, Dennis M. Morrissey, stands charged with operating a motor vehicle while under the influence of intoxicating liquor and being a disorderly person. On the defendant's motion, the District Court judge suppressed all evidence obtained as a result of the stop and detention of the defendant, because the stop was conducted by a police officer acting outside his territorial jurisdiction. The Appeals Court affirmed in an unpublished memorandum and order pursuant to Appeals Court Rule 1:28. *Commonwealth* v. *Morrissey*, 37 Mass. App. Ct. 1115 (1994). We granted the Commonwealth's application for further appellate review. The Commonwealth asserts that the Appeals Court erred in concluding that "this case is governed in all material respects by the decision of the Supreme Judicial Court in *Commonwealth* v. *Grise*, 398 Mass. 247 (1986)." For the reasons stated in this opinion, we agree with the Commonwealth and remand this matter to the District Court for further proceedings.

1. *Facts.* In the early morning hours of May 29, 1992, Officer Jeffrey Stillings was the officer in charge of the West Boylston police department. At that department's request, Officer Scott McArthur of the town of Sterling police department went to West Boylston to render assistance.[1]

On the way back to Sterling,[2] McArthur observed a Buick automobile run a stop sign then veer to the right of the road and narrowly miss a telephone pole. The car quickly corrected, crossed the double solid line separating north and

---

[1]Officer Scott McArthur had not been sworn in as a special officer of the West Boylston police force. See *Commonwealth* v. *Grise*, 398 Mass. 247, 252 n.6 (1986). West Boylston and Sterling did not have a mutual aid agreement. See G. L. c. 40, § 8G (1994 ed.); *Commonwealth* v. *McCrohan*, 34 Mass. App. Ct. 277, 282 (1993). General Laws c. 41, § 99 (1994 ed.), is inapplicable on the record before us because the request for McArthur's aid was not made through McArthur's commanding officer.

[2]The transcript of the hearing on the motion to suppress indicates that McArthur was wearing a town of Sterling police uniform and was driving a marked police cruiser.

south bound traffic, then corrected again and, swerving back to the extreme right, nearly hitting the guard rail.

McArthur reported his observations to Stillings on the police radio. Stillings asked McArthur to stop the vehicle. McArthur did so within the West Boylston town limits.

McArthur approached the vehicle, which was being operated by the defendant. McArthur asked the defendant to produce an operator's license, and directed him to get out of the car. At that point, Officer Stillings arrived and "assumed control of the investigation." Stillings had the defendant perform certain field sobriety tests, formed the opinion that the defendant was under the influence of alcohol, and placed him under arrest.[3]

Relying on *Grise, supra,* the defendant argues that Officer McArthur's stop of the defendant was unlawful because it occurred outside McArthur's territorial jurisdiction, and that the evidence of operating a motor vehicle while under the influence of intoxicating liquor thereby obtained should be suppressed. See *Commonwealth* v. *LeBlanc,* 407 Mass. 70, 75 (1990). We do not agree. We conclude that this case is not governed by *Grise.*

In *Grise,* two Ludlow police officers, while traveling through the city of Springfield, observed a vehicle ignore a red light and weave back and forth between lanes. "Believing that the defendant may have been operating under the influence of intoxicating liquor, [one of the Ludlow officers] put on the overhead blue lights of the police cruiser and stopped the defendant's car within the Springfield city limits. Based upon his observations of the defendant, [the officer] arrested him for operating under the influence of intoxicating liquor. He placed the defendant in the Ludlow police cruiser, and called the Springfield police for assistance. Springfield police officers transported the defendant to the Springfield police department." *Id.* at 248. We concluded in *Grise* that the arrest was unlawful because it occurred outside the arresting officer's jurisdiction, and that evidence which would not have been obtained but for the arrest should be suppressed. *Id.* at 253. Here, McArthur stopped the defendant at the request of

---

[3]The transcript of the hearing on the motion to suppress reveals that there were two passengers in the vehicle. After Stillings arrived, McArthur stayed with the passengers.

a police officer whose jurisdiction included the place where the stop occurred. We think that a critical distinction.

Police officers[4] "may require suitable aid in the execution of their office in a criminal case, in the preservation of the peace, [or] in the apprehending or securing of a person for a breach of the peace." G. L. c. 37, § 13 (1994 ed.).

General Laws c. 268, § 24 (1994 ed.), provides: "Whoever, being required in the name of the commonwealth by a sheriff, deputy sheriff, constable, police officer or watchman, neglects or refuses to assist him in the execution of his office in a criminal case, in the preservation of the peace or in the apprehension or securing of a person for a breach of the peace . . . shall be punished by a fine of not more than fifty dollars or by imprisonment for not more than one month."[5] Officer Stillings thus had statutory authority to request the assistance of Officer McArthur, and, had he refused, McArthur might have been subject to a criminal penalty. A detention "by the aid or assistant, [in] such circumstances, would be, to all intents and purposes, as valid as if the same had been made by the [local police officer's] proper hand; — and . . . the aid or assistant would be under the same protection of the law as the [local police officer] himself." *Commonwealth* v. *Field*, 13 Mass. 321, 322, 324 (1816) (holding that the quoted language was a proper jury instruction). Accord *Byrd* v. *Commonwealth*, 158 Va. 897, 902 (1932) ("When

[4]General Laws c. 37, § 13 (1994 ed.), applies by its terms to sheriffs. It applies to constables by virtue of G. L. c. 41, § 94 (1994 ed.), which provides that constables "shall have the powers of sheriffs to require aid in the execution of their duties," and to police officers by virtue of G. L. c. 41, § 98 (1994 ed.), which provides that "police officers of all cities and towns shall have all the powers and duties of constables except serving and executing civil process."

[5]The Commonwealth's argument from G. L. c. 268, § 24 (1994 ed.), was raised for the first time on appeal. Although we sometimes exercise our discretion and consider an issue first raised on appeal where "the questions presented are of some public importance and the result we reach is not changed by our consideration of them," *Mullins* v. *Pine Manor College*, 389 Mass. 47, 63 (1983), it is rare for us to consider an argument for reversal of a lower court which is first raised on appeal and is dispositive in favor of the party belatedly raising the issue. We consider the argument because we do not agree with the legal conclusion reached by the judge and the possible ramifications of that ruling on the public interest "in reducing the incidence of drunk driving . . . consistent with the important interest of individuals in being free from unreasonable intrusion on their personal security." *Commonwealth* v. *McGeoghegan*, 389 Mass. 137, 143 (1983).

one is called to assist an officer he, during the time that duty rests upon him, is justified in doing whatever the officer himself might lawfully do"); Restatement (Second) of Torts § 139 (1965).[6]

General Laws c. 90, § 21 (1994 ed.), authorizes a police officer to arrest a person for operating a motor vehicle while under the influence of intoxicating liquor even if the offense was not committed in the arresting officer's presence. *Commonwealth* v. *DiGeronimo*, 38 Mass. App. Ct. 714, 722 n.9 (1995). *Boucher* v. *Southbridge*, 679 F. Supp. 131, 133 (D. Mass. 1988). Having received McArthur's radio report, Officer Stillings had reason to believe that the crime of operating a motor vehicle while under the influence of intoxicating liquor was being committed in Stillings's territorial jurisdiction. Therefore, Stillings was authorized to stop the defendant to make an investigative inquiry. *Commonwealth* v. *Owens*, 414 Mass. 595, 599 (1993), quoting *Commonwealth* v. *Moses*, 408 Mass. 136, 140 (1990). That authority was transferred to McArthur through Stillings's request for assistance. See *Commonwealth* v. *Field, supra*; *Byrd* v. *Commonwealth, supra*; Restatement (Second) of Torts § 139 (1965).

The defendant argues that Stillings's request for assistance constituted a "seizure" of McArthur's person, violating McArthur's rights under the Fourth and Fourteenth Amendments to the Federal Constitution and art. 14 of the Declaration of Rights of the Massachusetts Constitution. We do not consider the defendant's arguments because he lacks standing to assert McArthur's constitutional rights. See *Commonwealth* v. *Manning*, 406 Mass. 425, 428 (1990) ("we hold that the defendants may not successfully advance the unlawfulness of

---

[6]The Restatement provides that a private actor is not civilly liable and "is privileged to rely upon the officer's request and assist him unless the facts are such that the actor knows . . . that the officer is not himself privileged to make the arrest." Restatement (Second) of Torts § 139 comment d (1965). Accord R.M. Perkins & R.N. Boyce, Criminal Law 1103 (3d ed. 1982) (private person "is not entitled to delay while he conducts an inquiry into the officer's actual authority in the particular case, he is protected even if the latter is actually exceeding his authority so long as the assister does not know or have reason to know of the lack of authority"). Cf. *Jones* v. *Melvin*, 293 Mass. 9, 13 (1935) (where defendant failed to argue that he was privileged under G. L. c. 268, § 24, it was "not necessary to decide . . . to what extent, if any, under the statute or at common law a person complying with such a request may be relieved from the consequences of his negligent or grossly negligent conduct").

[a third party's] arrest as the sole ground for invalidating" the search of the defendants' apartment which was a "fruit" of that arrest).

In sum, Officer Stillings had statutory authority to request the assistance of any private person "in the apprehending or securing of a person for a breach of the peace." G. L. c. 37, § 13. Therefore, his request to Officer McArthur gave McArthur the authority to stop the defendant's automobile. The order of the District Court judge suppressing evidence taken as a result of the stop of the defendant's automobile by McArthur is vacated, and this matter is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*