Macdonald, D. Lloyd, J.
Before the Court are the above referenced motions, which the Court addresses as follows.
1. Motion to Compel Compliance re Expert Witnesses (Paper #50): Allowed in part
As noted at the hearing, it is not clear that the original motion was allowed in the first place such as to make the filing of a “motion to compel” appropriate. The 7/31/13 endorsement on the motion papers referenced another subject matter entirely, i.e., the endorsement appears to have been mistakenly affixed to the motion. However, focusing now on the original motion, the Commonwealth is ordered to comply with Rule 14(a)(l)(vi). In addition, if a prospective expert witness has not prepared a report as to the subject matter of the witness’s expert testimony, the Commonwealth shall provide a summary of the expected testimony, including the grounds for any opinions expressed. Otherwise, DENIED.
2. Motion for Reconsideration (Paper #52): DENIED.
In its memorandum and order of December 20, 2013 (the “December 20th Order”) the Court denied the defendant’s motion to suppress cell phone records because the records were lawfully seized pursuant to warrants issued by Superior Court judges based on affidavits supported by probable cause. On February 18, 2014, the Supreme Judicial Court issued its opinion in Commonwealth v. Augustine, 467 Mass. 230 (2014), addressing for the first time whether a warrant was required by Article 14 of the State Constitution in order to obtain cell site location information (CSLI). The SJC concluded that a warrant was required. The issue before the Court at this juncture is whether the Augustine opinion alters the Court’s rationale in denying the defendant’s motion. It does not.
The Court readopts its findings and conclusions of law. In doing so, it deems it appropriate to reemphasize its holding that even if it were determined that under the heightened standards of Augustine, the warrants at issue were deemed insufficient, there would be no reasonable basis to suppress what is undoubtedly highly material evidence in this murder case. The reason is simple: The officers who sought (and the Superior Court justices who issued) the warrants were proceeding upon a well-grounded understanding of *454 the controlling legal standards as of 2009 when the warrants were obtained.
“(T]he foundation of the exclusionary rule [is the] interest in deterring unlawful police conduct.” Commonwealth v. Wilkerson, 436 Mass. 137, 142 (2002) (Greaney, J.). “[W]here ‘the exclusionaiy rule does not result in appreciable deterrence, then clearly, its use ... is unwarranted.’ ” Id., quoting U.S. v. Janis, 428 U.S. 433, 454 (1976).
The remedy of exclusion of evidence obtained in violation of art. 14 is one of recent rather than ancient origin. See Commonwealth v. Upton, 394 Mass. 363, 364 (1985). One of the purposes justifying its application is the deterrence of police conduct that unlawfully intrudes on the rights of privacy and security guaranteed our citizens under art. 14, through the preclusion of the fruits of that conduct. Another is the protection of judicial integrity through the dissociation of the courts from unlawful conduct. See Commonwealth v. Ford, 394 Mass. 421, 433 (1985) (Lynch, J., dissenting); Commonwealth v. Lett, 393 Mass. 141, 145 (1984) (discussing purposes of exclusionary rule under Fourth Amendment to United States Constitution). Where those purposes are not furthered, rigid adherence to a rule of exclusion can only frustrate the public interest in the admission of evidence of criminal activity.
Commonwealth v. Brown, 456 Mass. 708, 715 (2010) (Cordy, J.).
The “exception[s] [to the strict application of the exclusionary rule are] justified when the deterrence rationale is outweighed by the competing societal interest in convicting the guilty.” Commonwealth v. Benoit, 382 Mass. 210, 216 (1981) (Liacos, C.J.).
Although, as noted in the Court’s December 20th Order, the SJC has not formally recognized the federal “good faith exception” to the exclusionaiy rule, the SJC’s jurisprudence, as quoted above, is consistent with the underlying rationale of the good faith exception. The latter was recently reaffirmed by Chief Justice Lynch of the First Circuit:
“[T]he Fourth Amendment ‘has never been interpreted to proscribe the introduction of illegally seized evidence in all proceedings or against all persons.’ ” United States v. Leon, (1984) (quoting Stone v. Powell, 428 U.S. 465, 486 (1976). Even assuming the evidence was seized in violation of the Fourth Amendment, the evidence will be suppressed only when the police conduct is “sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system.” U.S. v. Herring, 555 U.S. 135, 144 (2009); see also United States v. Thomas, 736 F.3d 54, 59-66 (1st Cir.2013) (discussing Herring's application of exclusionary rule and applying Herring to suppression claims based on alleged police misconduct).
U.S. v. Echevarria-Rios, _ F.3rd _, 2014 Westlaw 1236440, p. 3-4 (C.A. 1 Puerto Rico) (March 26, 2014).
Because the conduct of the police in seeking the warrants and of the judges in issuing the warrants was founded on an informed understanding of state constitutional principles then in place, the suppression of the fruits of the warrants would disserve the enduring deterrent rationale of the exclusionaiy rule.
3. Motion to Suppress — Cellular Telephone Records of Jose Fernandes (Paper #53): DENIED.
The defendant does not have standing to suppress the third party Fernandes cell records. The SJC has not recognized the “target standing” doctrine on which the defendant relies. See Commonwealth v. Manning, 406 Mass. 425, 429 (1990), and Commonwealth v. Scardamaglia, 410 Mass. 375, 377-78 (1991).
However, even if the doctrine were recognized, the defendant would not have standing because it is not enough under the doctrine that one is a “target” of an investigation leading to the seizure of evidence. In addition, one must also prove “that the police deliberately violated the [third party’s] rights in order to obtain evidence against the defendant.” Commonwealth v. Kirschner, 67 Mass.App.Ct. 836, 845 (2006). There has been no plausible showing of the latter in the record before the Court.
Apart from the standing issue, the means by which the Fernandes cell records were obtained are lawful under Augustine. They were produced pursuant to a grand juiy subpoena ordered by a Superior Court judge who determined that there was probable cause that the records contained relevant evidence of the Pina homicide, which was the focus of the investigation. The time period covered by the subpoena was only for the two days that bookended the homicide. See 467 Mass. at 254-55.
4. Motion to Suppress Wiretap Evidence (Paper #54): DENIED.
The reasons for the denial are substantially the same as those articulated by the Court in denying the defendant’s motion seeking similar relief in the defendant’s pending narcotics trafficking case, BRCR2010-1424. See the Court’s memorandum and order of 1/23/14 (Paper #35 in BRCR2010-1424) (the “January 23rd Order”).
The defendant submits that the SJC’s subsequent Augustine decision provides a new basis to allow the motion. However, the Court has reviewed the affidavit of Trooper Baker, upon which the wiretap warrant issued, to determine whether any material CSLI (cell site location information) was incorporated in the affidavit. It was not. The call activity referenced in the affidavit was conventional telephone company business records in which the defendant did not have a reasonable expectation of privacy. See the January 23rd Order. To the extent that any CSLI informed Tpr. *455 Baker’s averments, it was immaterial to the issuance of the wiretap warrant.