NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-965                                    Appeals Court


COMMONWEALTH  vs.  ROBERT RUTLEDGE (and sixteen companion cases[1]).


No. 13-P-965.        July 25, 2014.


Firearms.  Constitutional Law, Stop and frisk, Search and seizure, Probable cause.  Search and Seizure, Protective frisk, Container, Exigent circumstances, Probable cause.  Probable Cause.  Practice, Criminal, Motion to suppress.


The defendants were charged with, inter alia, numerous firearms offenses.  A judge in the Superior Court allowed the defendants' motions to suppress a firearm seized after a warrantless search of a backpack following an investigatory stop of a motor vehicle.  The Commonwealth appeals, contending that a preliminary patfrisk of the backpack was not necessary as a prerequisite to the search.  We affirm.

1.  Background.  After an evidentiary hearing on the motions, the judge found the following facts.  On July 13, 2011, a 911 operator in Brockton received a call from Roseangela Andrade.  She explained to the operator that, while on the telephone with her boyfriend, she overheard an argument erupt between her current boyfriend and her former boyfriend, Jaemill Horton.  Andrade further reported that, during the argument, Horton allegedly pulled a gun on her boyfriend, threatening to kill him if Andrade refused to drop her pending charges against Horton.  Andrade advised the operator that Horton drove a black Acura automobile, with registration number "749-GH7."  Initial

---

[1] Seven against Robert Rutledge and nine against Jaemill Horton.

dispatch to the scene of the alleged altercation returned nothing.

After following up with Andrade, officers determined that the vehicle was an Infiniti, with registration number "759-GH7," and that Horton had an active matter pending in the Taunton Division of the District Court Department.  At that time, the police initiated a general broadcast advising the officers to look for a black Infiniti, explaining that a gun had been pulled and threats made in connection with a pending court case.

Officer Michael Minnock heard the general dispatch, but did not respond to the area.  A little over an hour later, Minnock spotted the suspect vehicle and observed its occupants making furtive movements.  Minnock activated his emergency lights and siren and stopped the vehicle.  At that time, Horton, who was driving, exited the vehicle.  In response, Officer Minnock exited his cruiser, drew his firearm, and ordered Horton to get back into the vehicle.  Horton, however, did not comply.  The front seat passenger, Rutledge, also exited the vehicle and was ordered to reenter.  Instead, both Horton and Rutledge fled the scene.  A third passenger, Christopher Dozier, remained in the vehicle.  Minnock broadcast the description of the fleeing men; he ordered Dozier out of the vehicle, handcuffed him, and placed him in the back of the police cruiser.  Although officers later apprehended Horton, Rutledge remained at large.

Officers Minnock and Rodenbush performed a search of the vehicle, looking for a firearm in and around the seats and consoles; none was located.  They discovered a backpack on the right rear seat.  They opened the backpack and found a firearm and other items identifying Rutledge as its owner.

Both Rutledge and Horton moved to suppress the firearm seized from the warrantless search of the backpack.  The judge allowed the motion, ruling that the officers first needed to perform a preliminary patfrisk of the backpack before executing a search.  The Commonwealth appeals the judge's order.

2.  Discussion.  In reviewing a ruling on a motion to suppress we accept, absent clear error, the motion judge's subsidiary findings of fact.  We independently review the judge's ultimate findings and conclusions of law.  See Commonwealth v. Scott, 440 Mass. 642, 646 (2004).  There was no error.

This case is controlled in material respects by reasoning set forth in Commonwealth v. Pagan, 440 Mass. 62, 68-70 (2003). "The purpose behind the protective measures allowed by Terry is to enable an officer to confirm or dispel reasonable suspicions that the stopped suspect may be armed with a weapon." Id. at 68. These measures are limited to what is "minimally necessary to learn whether the suspect is armed and to disarm him once the weapon is discovered." Id. at 69. While ordinarily a patfrisk of a container will be sufficient to make this determination, there are times when a patfrisk is inadequate. In all cases, though, "[w]here a patfrisk can establish whether a possible weapon is present or not, courts have required a preliminary patfrisk of the container in question." Ibid.

The Commonwealth raises numerous reasons why the officers did not need to perform a preliminary patfrisk of the backpack, none of which is availing. The contention that a patfrisk would only reveal to the officers that the backpack contained a hard object goes to the essence of the pat-frisk principle. If the preliminary patfrisk revealed such information, the officers would have done the minimum necessary to establish whether a weapon was inside the backpack. Had a patfrisk not revealed the presence of a hard object, no additional search of the backpack would be warranted.

Next, the Commonwealth argues that a patfrisk of the backpack was pointless because it would only reveal that the bag contained indiscernible heavy objects. We recognize that "particular features of the container, readily observable by the police, may make it apparent that nothing short of opening the container will suffice to address the officer's reasonable suspicions." Pagan, supra at 72. In such cases, the minimum search necessary would invariably involve opening the container. See id. at 69. In this case, however, there was no such descriptive testimony. The officers did not testify to the weight of the backpack, or that the backpack contained hard objects, or anything else that would have proved a preliminary patfrisk useless. Contrast id. at 63 (officers testified that backpack contained "heavy objects" and weighed approximately six pounds); Commonwealth v. Anderson, 461 Mass. 616, 618 (2012) (officer testified that he picked up a heavy backpack and felt what he believed to be a gun barrel).

The Commonwealth's argument that an exigent circumstance existed is too speculative. Contrast Commonwealth v. Robinson, 83 Mass. App. Ct. 419, 430 (2013) (in the "rapidly deteriorating situation" the officer faced, bypassing a preliminary patfrisk

of the defendant's fanny pack was warranted).  Here, the attendant circumstances did not deprive the officers of the opportunity to perform the preliminary patfrisk of the backpack. Compare Commonwealth v. Flemming, 76 Mass. App. Ct. 632, 638 (2010) (where the defendant was cooperative and did not make any threatening moves, there was no reason not to perform a patfrisk); Commonwealth v. Whitehead, 85 Mass. App. Ct. 134, 135-136 (2014) (officer pat frisked a backpack before searching it after observing ammunition and a hunting knife in the defendant's vehicle, and after the defendant said, "Wait, there is a loaded gun in the bag").

Lastly, the Commonwealth argues, for the first time on appeal, that the search of the backpack was justified because the officers had probable cause to arrest Horton.  We do not reach the merits of this argument, as it was not raised below. See Commonwealth v. Griffin, 79 Mass. App. Ct. 124, 131 (2011) (Wolohojian, J., concurring), citing Commonwealth v. Bettencourt, 447 Mass. 631, 633-634 (2006) (arguments not raised below by the Commonwealth in connection with a motion to suppress are not considered on appeal as a basis for reversal).

Order allowing motions to<br>suppress affirmed.

Michael Sheehan, Assistant District Attorney, for the Commonwealth.
Sarah E. Dolven for Robert Rutledge.
Kirsten A. Zwicker Young for Jaemill Horton.