The Commonwealth appeals from an order of a District Court judge allowing the defendant's motion to suppress evidence found during a search of the defendant's vehicle following a traffic stop. We affirm.
Background. In March, 2016, a Massachusetts State Police trooper initiated a traffic stop of a vehicle driven by the defendant on North Montello Street in Brockton. The trooper did so upon learning that the vehicle's registration had been revoked due to lack of insurance. After the trooper activated his vehicle's lights and sirens, the defendant pulled his vehicle off the street and into a parking lot. The trooper asked the defendant for his license and registration, and confirmed that the registration was revoked. He informed the defendant that the vehicle was required to be towed.
After the defendant's vehicle was hooked onto the flatbed of the tow truck, the trooper searched the vehicle. He opened the glove box in which he found a firearm with an obliterated serial number. The defendant was arrested, and charged with, among other offenses, carrying a firearm without a license in violation of G. L. c. 269, § 10(a ), and operating an unregistered motor vehicle in violation of G. L. c. 90, § 9.
The defendant moved to suppress the firearm as the fruit of an unconstitutional search. At the suppression hearing, the trooper testified that the defendant was "visibly nervous, physically shaking" when he was retrieving his license and registration, and the defendant "talk[ed] rapidly and walk[ed] away from the vehicle as if to get [the trooper's] attention away from the vehicle" when they were waiting for the tow truck. The only other witness at the suppression hearing was the defendant's cousin-who was one of two passengers in the vehicle when it was pulled over. She testified that the trooper and she engaged in a "very casual conversation" while they were waiting for the tow truck, and that the defendant was "[s]itting there with us drinking his coffee." The cousin further testified that she had discussions with the tow truck driver about towing the vehicle to her home, which was nearby, and that the trooper did not search the vehicle until after it was hooked onto the tow truck. The judge credited the cousin's testimony on the timing of the search.
At the hearing, the Commonwealth argued that the tow was authorized pursuant to Department of State Police General Order TRF-09 (tow policy),[2] which authorizes an officer to tow an unregistered vehicle "found upon a road/state highway," and that the search was a lawful inventory search pursuant to General Order TRF-10 (inventory policy),[3] which concerns the conduct of inventory searches of vehicles including those ordered towed "[a]s outlined within TRF-09."[4] The defendant argued that the search was an investigatory search based on the trooper's decision to conduct the search after "develop[ing] a hunch."
The motion judge allowed the motion, stating that the trooper's "search of the locked glove box was a pretextual investigatory search for evidence." This appeal followed.
Discussion. During oral argument, the Commonwealth conceded that the tow policy did not govern the vehicle's towing because the vehicle was not "found upon a road/state highway," expressly abandoning its argument that the search was lawful pursuant to the inventory policy as an inventory search of a vehicle ordered towed pursuant to the tow policy.[5] Instead, the Commonwealth argued that the defendant violated G. L. c. 90, § 9, concerning the operation of an unregistered vehicle "upon any way,"[6] and that the search was permissible under the inventory policy as a search of a vehicle subject to seizure for being used in the commission of a crime. The Commonwealth acknowledged that this was a new argument, which was not presented to the motion judge or in its brief in this court. We decline to examine the point. "It has long been our rule that we need not consider an argument that urges reversal of a [judge's] ruling when that argument is raised for the first time on appeal." Commonwealth v. Bettencourt, 447 Mass. 631, 633 (2006).
Order allowing motion to suppress affirmed.

General Order TRF-09 provides, in relevant part, that "[o]fficers are authorized to remove (or cause to be removed) any vehicle found upon a road/state highway when ... [t]he vehicle is not validly registered or insured."

General Order TRF-10 provides, in relevant part, that the Department of State Police "shall inventory any vehicle ordered towed ... [a]s outlined within TRF-09 Towing ... [or] [a]s a seizure-the vehicle is subject to statutory forfeiture or lawful seizure pursuant to a government interest, such as ... [t]he vehicle was used in the commission of a crime, as an instrument of a crime, or is stolen."

Both policies were entered as exhibits at the hearing.

The Commonwealth's attorney stated, "correct ... my argument is that the tow policy ... doesn't apply here, because this isn't a car that's just found on the side of the road, on the roadway or [S]tate highway." In response to a follow-up question asking the Commonwealth to confirm that it was abandoning its reliance on the tow policy, the Commonwealth's attorney expressly confirmed, "I would say it does not apply, no."

General Laws c. 90, § 9, as amended through St. 2008, c. 310, § 7, provides in part that "[n]o person shall operate, push, draw or tow any motor vehicle or trailer, and the owner or custodian of such a vehicle shall not permit the same to be operated, pushed, drawn or towed upon or to remain upon any way except as authorized by section three, unless such vehicle is registered in accordance with this chapter and carries its register number displayed as provided in section six, and, in the case of a motor vehicle, is equipped as provided in section seven."