The Commonwealth appeals from an order granting the defendant's motion to suppress evidence obtained after a State trooper discovered the defendant in his car in a roadside parking lot and stopped him from leaving. Although the Commonwealth foreswore relying on the community caretaking doctrine before the motion judge, it now asserts that doctrine as justification for the stop. For his part, the defendant contends that the Commonwealth waived this argument and, further, that, in any event, the trooper stopped the car after any proper caretaking justification had concluded.[2] We conclude that despite the Commonwealth's position below, where the issue was properly aired before the motion judge and the judge ruled on the issue in her decision, the application of the community caretaking doctrine is ripe for review. Concluding also that the circumstances justified the officer's exercise of the doctrine, we reverse.
Discussion. 1. Waiver. Generally a party waives issues not pressed below and raised for the first time on appeal. That is because "[t]rial judges cannot be expected to rule, and indeed should not, on theories not presented to them, and defendants cannot respond to arguments not made at the trial level. Our system is premised on appellate review of that which was presented and argued below." Commonwealth v. Bettencourt, 447 Mass. 631, 634 (2006). For this reason, as the defendant correctly presses, a motion judge does not preserve an unraised issue by noting it "in passing." Commonwealth v. Leslie, 477 Mass. 48, 58 (2017). However, a motion judge does preserve an unraised issue where, as is the case here, the issue was amply explored below and the judge "addressed" it. Commonwealth v. Vargas, 475 Mass. 338, 343 n.7 (2016).
Although the prosecutor told the motion judge "the officer wasn't doing community caretaking" and pursued a different theory to justify the stop, defense counsel, who premised his entire argument upon the community caretaking doctrine, was on notice of the issue and was not deprived of the opportunity to address it. Therefore, the policy rationales for the waiver rule articulated in Bettencourt, 447 Mass. at 634, do not apply to this case, and the prosecutor's rejection of the doctrine, we conclude, is immaterial here.
2. Community caretaking doctrine. "Local police officers are charged with 'community caretaking functions, totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.' " Commonwealth v. Evans, 436 Mass. 369, 372 (2002), quoting Cady v. Dombrowski, 413 U.S. 433, 441 (1973). This doctrine applies "to a range of police activities involving motor vehicles, in which there are objective facts indicating that a person may be in need of medical assistance or some other circumstance exists apart from the investigation of criminal activity that supports police intervention to protect an individual or the public" (citation omitted). Commonwealth v. Fisher, 86 Mass. App. Ct. 48, 51 (2014). This determination depends on the totality of the circumstances. Cf. Commonwealth v. Peters, 453 Mass. 818, 823 (2009) (applying related emergency aid doctrine).
Here, the objective facts available to the trooper indicated that the defendant may have been a danger to himself or others. The trooper first saw the defendant while the trooper drove along a deserted stretch of Route 5 in Easthampton at approximately 9:30 P.M. on July 16, 2017. At that time, the trooper saw the defendant flailing in his car. When the trooper returned less than a minute later, he found the defendant sweating profusely with his eyes bulging, his mouth agape, and blood dripping from his earlobe as he struggled unsuccessfully to put his car into gear. The trooper could have reasonably believed that the defendant was unwell and unfit to safely operate a motor vehicle. See Commonwealth v. Quezada, 67 Mass. App. Ct. 693, 695 (2006), S.C., 450 Mass. 1030 (2008), which is not inapposite, but, rather, supports application of the doctrine to the circumstances the trooper confronted here. In Quezada, the community caretaking doctrine did not justify the stop of a fleeing individual who, while "out of it," id. at 694, "was not operating a motor vehicle, which could, in his condition, have posed a potential danger to the public," id. at 695. Accordingly, here, the trooper's in the moment decision, to stop a person in the defendant's condition from driving a car, was justified.
Order allowing motion to suppress reversed.

Neither party addresses the search of the defendant.