NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1332

COMMONWEALTH

vs.

GABRIEL MEGNA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On June 17, 2014, the defendant, Gabriel Megna (Mr. Megna), was found guilty of seven offenses relating to armed robbery, assault with a dangerous weapon, and felony firearm possession. On March 30, 2023, Mr. Megna, as a self-represented litigant, filed a motion for a new trial asserting that he "was not available or allowed to attend the Pretrial Conference held June 10, 2013[,] as a Final Pretrial Conference."[1]  The Commonwealth opposed the motion, and on July 20, 2023, in a margin endorsement, the motion was denied "for the reasons set forth in the Commonwealth's opposition."  Indeed, a docket entry reflected that the pretrial conference scheduled for June 10,

_____

[1] Mr. Megna and his codefendant previously filed appeals from their convictions which were affirmed by a panel of this court.  See Commonwealth v. Ginnetti, 91 Mass. App. Ct. 1117 (2017).

2013, was in fact rescheduled.  In response, on July 27, 2023, Mr. Megna filed a "Verified Rebuttal to the Commonwealth's Opposition" (rebuttal), claiming for the first time that he was excluded from the pretrial conference occurring on January 6, 2014.[2]  Then on August 14, 2023, without the court having acted on his rebuttal, Mr. Megna filed his notice of appeal from the July 20, 2023 order denying his motion for new trial which is the subject of this appeal.  We affirm.

Discussion.  1.  <u>Mr. Megna's rebuttal</u>.  As an initial matter, because Mr. Megna filed this appeal before his rebuttal was acted on, we agree with the Commonwealth that "there may be some question" whether any argument about Mr. Megna's rebuttal is waived or is properly before us.[3]  See <u>Commonwealth</u> v. <u>Bettencourt</u>, 447 Mass. 631, 633 (2006).  However, assuming without deciding that Mr. Megna's rebuttal is properly before us his argument is unavailing.  We address the merits of Mr. Megna's appeal below.

---

[2] Neither the docket nor the trial court file reflects that any action was taken by the court with respect to the rebuttal.

[3] Despite its uncertainty, the Commonwealth nevertheless presumes that Mr. Megna's rebuttal is properly before us for the following reasons:  (1) the motion judge's failure to act on the rebuttal may be considered an implicit denial; (2) the judge adopted multiple reasons for denying Mr. Megna's motion, two of which apply to the January 6, 2014, date raised in the rebuttal; and (3) Mr. Megna filed the rebuttal soon after his motion was denied and the rebuttal does not call for any action by the court, as opposed to a motion for reconsideration.

2

2.  Right to be present.  The Commonwealth first argues that Mr. Megna's appeal fails for a lack of sufficient proof that he was not present for the pretrial conference on January 6, 2014.[4]  While it is true that defendants have the right to be present at all critical stages of criminal proceedings, Commonwealth v. Francis, 485 Mass. 86, 98 (2020), cert. denied, 141 S. Ct. 2762 (2021), even assuming Mr. Megna was not present at the pretrial conference, his appeal still fails because a pretrial conference is not a "critical stage" where a defendant is entitled to be present.

Massachusetts Rule of Criminal Procedure 18 (a), 378 Mass. 887 (1979), provides that "the defendant shall be entitled to be present at all critical stages of the proceedings" (emphasis added).  "This right to be present derives from the confrontation clause of the Sixth Amendment . . . , the due process clause of the Fourteenth Amendment . . . , and art. 12 [of the Massachusetts Declaration of Rights]" (citation omitted).  Francis, 485 Mass. at 98.  See Snyder v. Massachusetts, 291 U.S. 97, 107-108 (1934).  However, because "requir[ing] the defendant's presence at all times could in some instances unduly prolong the disposition of the case . . . , the

---

[4] Indeed, Mr. Megna relies solely on his own affidavit to support his assertion that he was not in court on January 6, 2014.

3

detailing of what stages are deemed critical is left to judicial determination." Reporters' Notes to Mass. R. Crim. P. 18, Mass. Rules of Court, Rules of Criminal Procedure, at 188 (Thomson Reuters 2023) (Reporters' Notes to Rule 18). Rule 18 (a) (3) also provides that "[a] defendant need not be present . . . at any proceeding where evidence is not to be taken." Mass. R. Crim. P. 18 (a) (3), as amended, 489 Mass. 1503 (2022). Additionally, "[a]lthough rule 18 does not identify what stages of court proceedings are critical, fairness demands that the defendant be present when his substantial rights are at stake" (quotations and citation omitted). Francis, supra.

Here, Mr. Megna fails to establish that his right to be present at a critical stage was violated. First, a pretrial conference is not a proceeding where evidence is taken and therefore our rules of criminal procedure support a conclusion that Mr. Megna's presence was not required. See Mass. R. Crim. P. 18 (a) (3). Second, Mr. Megna has failed to make any showing that his substantial rights were at stake during the pretrial conference on January 6, 2014. See Francis, 485 Mass. at 98. Notably, a pretrial conference is not a proceeding where defendants confront their accuser, and there is no evidence that the pretrial conference was made unfair or unjust due to Mr. Megna's absence. See Reporters' Notes to Rule 18. See also Snyder, 291 U.S. at 107-108 (finding defendant's presence "a

4

condition of due process to the extent a fair and just hearing would be thwarted by his absence").  Accordingly, because Mr. Megna's right to be present was not violated, we discern no abuse of discretion in the denial of Mr. Megna's motion for a new trial.

<u>Order denying motion for new trial affirmed</u>.

By the Court (Rubin, Desmond & Singh, JJ.[5]),

Clerk

Entered:  October 24, 2024.

---

[5] The panelists are listed in order of seniority.