COMMONWEALTH *vs.* RICHARD L. POWERS, JR.

Hampshire.   October 9, 1985. — February 5, 1986.

Present: GREANEY, C.J., PERRETTA, & KASS, JJ.

*Practice, Criminal*, Appeal by Commonwealth, Verdict, New trial, Mistrial. *Jury and Jurors*.

The Commonwealth had a right of appeal under Mass.R.Crim.P. 30 (c) (8) from an order allowing the defendant's oral motion for a mistrial, which was made after the jury had returned a verdict and had been discharged, where the defendant's motion was in the nature and substance of a motion for a new trial under rule 30 (b). [571-572]

In circumstances in which the judge in a criminal case allowed the defendant's motion for a new trial on February 15, the Commonwealth filed a motion for reconsideration on February 26, the judge denied that motion on March 7, and the Commonwealth, on April 2, filed its notice of appeal from the order of February 15, the appeal period began to run as of the date of the ruling on the Commonwealth's motion for reconsideration rather than as of the date of the judge's order on the defendant's motion for a new trial and, consequently, the Commonwealth's notice of appeal was timely filed. [573-574]

The judge in a criminal case erred in allowing the defendant's motion for a new trial based upon the conflict between the verdict slip given to the court clerk indicating the defendant was not guilty and the guilty verdict publicly announced by the forewoman and twice collectively affirmed. [574]

COMPLAINT received and sworn to in the Northampton Division of the District Court Department on July 16, 1984.

On appeal to the jury session of that court, the case was tried before *Ann M. Gibbons*, J.

*Charles K. Stephenson*, Assistant District Attorney, for the Commonwealth.

*Stephen R. Kaplan* for the defendant.

PERRETTA, J.   After completing deliberations on a complaint charging the defendant with operating a motor vehicle while

under the influence of intoxicating liquor, the jury advised that they had reached a verdict. As announced by the foreperson, the verdict was guilty. Because the verdict slip given to the clerk indicated that the verdict was not guilty, the clerk, as instructed by the judge, asked, " [D]o you jurors upon your oath say that the Defendant is guilty as charged in said complaint? " The guilty verdict announced by the foreperson was twice collectively affirmed, and the jury was discharged.[1] The defendant orally moved for a mistrial, and the judge allowed his motion. On the Commonwealth's appeal, we conclude that the judge's ruling is reviewable and that the jury's publicly announced verdict should have been accepted. We remand the matter for entry of the verdict of guilty.

1. *The Commonwealth's Right of Appeal.*

Whether the Commonwealth has a right of appeal from the judge's ruling does not turn on the defendant's characterization of his motion as one for a mistrial. " [P]leadings are to be treated 'according to their nature and substance' rather than their technical form." *Commonwealth* v. *Preston*, 393 Mass. 318, 322-323 (1984). As the trial on the complaint against the defendant had concluded with a verdict and the jury had been discharged, we think that the law (see *Commonwealth* v. *Leroy*, 376 Mass. 243, 247 [1978]) and the realities of the situation require that we view the defendant's motion as one for a new trial under Mass.R.Crim.P. 30 (b), 378 Mass. 900 (1979).

Our conclusion is not precluded by the fact that rule 30, "by its terms, addresses only 'Postconviction Relief' . . . [and] that the present case does not present the circumstances typically dealt with under that rule" (citations omitted). *Commonwealth* v. *Preston*, 393 Mass. at 323. Rather, we think our result consistent with the letter and intent of the rule.

---

[1] The defendant "objects" to any consideration of the transcript of the proceedings, as it was not prepared in accordance with the procedure set out in Mass.R.A.P. 8(b) (3), inserted by 388 Mass. 1106 (1983). The transcript contains the required certificate of accuracy, and the defendant makes no allegation of error in the transcript. Rather, his contention is simply a perfunctory statement of a technical defect.

As noted, the motion was brought after the jury had returned a verdict and had been discharged. We think those facts, in combination, sufficient to constitute a conviction in the context of rule 30(b). Cf. *Commonwealth* v. *Carr*, 373 Mass. 617, 625-626 (1977). Additionally, in ruling on the defendant's motion, the judge referred to it as a motion for a new trial and asked that it be reduced to writing for purposes of appeal.

The Reporters' Notes to Mass.R.Crim.P. 30(b), Mass. Ann. Laws, Rules of Crim.P. at 484 (1979), state: "It is intended that the remedy available under this subdivision be truly post-conviction, that is, it is not open to a defendant until the validity of the finding or verdict of his guilt is conclusively established by an appellate court if an appeal is taken." [2] We do no violence to the intent of the Reporters. The obvious policy upon which the intent is based is to avoid complex and duplicitous proceedings and to protect the interests of the defendant. *Id.*

These purposes are served, not frustrated, by viewing the defendant's motion as one for a new trial. The defendant loses nothing to which he has a right. Any allegations of error in the trial itself are still available to the defendant after the verdict of guilty is entered. See Mass.R.A.P. 4(b), as appearing in 378 Mass. 929 (1979).

Because we conclude that the defendant's motion was in the nature and substance of a motion for a new trial under rule 30(b), the Commonwealth has a right of appeal under Mass.R.Crim.P. 30(c) (8), 378 Mass. 902 (1979).[3]

---

[2] This statement has no bearing upon two common practices. The first is where the motion for a new trial is made pursuant to Mass.R.Crim.P. 25(b) (2), 378 Mass. 896 (1979). See Reporters' Notes to Mass.R.Crim.P. 25(b) (2), Mass. Ann. Laws, Rules of Crim.P. at 435-436 (1979). The second is the not unusual practice of filing a rule 30(b) motion after conviction and after a notice of appeal has been filed. If the motion is pending at the time the appeal is entered, counsel then request a stay of the appeal until the motion is disposed of so that any appeal from the ruling can be consolidated with that from the judgment.

[3] Our conclusion is limited to the circumstances presented and is not to be construed as recognizing a right of appeal by either party under rule 30(c) (8) where a mistrial is declared in the course of the trial.

2. *Timeliness of the Appeal.*

Chronologically, the events are as follows. The judge allowed the motion on February 15, the Commonwealth filed a motion for reconsideration on February 26, the judge denied that motion on March 7, and the Commonwealth filed its notice of appeal from the February 15 order on April 2. The defendant argues that, even if the Commonwealth has a right of appeal from the order, that right was not timely exercised and, therefore, we cannot consider the appeal.

There is no question that the Commonwealth had a right to seek reconsideration of the order and that it did so timely. See *Commonwealth* v. *Cronk*, 396 Mass. 194, 196-197 (1985); *Commonwealth* v. *Mandile*, 15 Mass. App. Ct. 83 (1983). The issue before us is whether the appeal period began to run as of the date of the judge's order on the defendant's motion for a new trial or as of the date of the ruling on the Commonwealth's motion for reconsideration.

Neither Mass.R.A.P. 4(b) nor the parallel Federal rule expressly addresses this question. However, in both civil and criminal Federal cases, the rule is that a timely filed request for reconsideration "render[s] the original judgment nonfinal for purposes of appeal for as long as the [request] is pending." *United States* v. *Dieter*, 429 U.S. 6, 8 (1976). See also *Browder* v. *Director, Ill. Dept. of Corrections*, 434 U.S. 257, 267 (1978). As explained in *United States* v. *Healy*, 376 U.S. 75 (1964), the rule is based not upon express authorization but upon "traditional and virtually unquestioned practice," *id*. at 79, and sound policy: " [S]peedy disposition of criminal cases is desirable, but to deprive the Government of the opportunity to petition a lower court for the correction of errors might, in some circumstances, actually prolong the process of litigation — since plenary consideration of a question of law here ordinarily consumes more time than disposition of a petition for rehearing — and could, in some cases, impose an added and unnecessary burden of adjudication upon this Court. It would be senseless for this Court to pass on an issue while a motion for rehearing is pending below, and no significant saving of time would be achieved by altering the ordinary rule to the

extent of compelling a notice of appeal to be filed while the petition for rehearing is under consideration." *Id.* at 80.

In the present case, the Commonwealth preserved its right of appeal within the maximum period of extension that could have been granted under the first sentence of Mass.R.A.P. 4(c), as appearing in 378 Mass. 929 (1979). Cf. *Locke* v. *Slater*, 387 Mass. 682, 686 (1982). There is no indication on the record that the Commonwealth was in any way dilatory (compare *Commonwealth* v. *Mandile*, 15 Mass. App. Ct. at 84) or acting in bad faith. See *United States* v. *Healy*, 376 U.S. at 80 n.4. Hence, we conclude that the Commonwealth's notice of appeal was filed timely. We may now reach the merits of the appeal.

3. *The Verdict.*

It is well established that verdict slips are of no binding legal significance. Originally a "convenient practice," *Lawrence* v. *Stearns*, 11 Pick. 500, 501 (1831), verdict slips today are a recognized means of "reduc[ing] errors in the rendering and announcing of verdicts." Reporters' Notes to Mass.R. Crim.P. 27(a), Mass. Ann. Laws, Rules of Crim.P. at 443 (1979). " 'The only verdict which can be received and regarded, as a complete and valid verdict of a jury, upon which a judgment can be rendered, is an open and public verdict, given in and assented to, in open court, as the unanimous act of the jury, and affirmed and entered of record, in the presence and under the sanction of the court.' *Lawrence* v. *Stearns*, 11 Pick. [at 501]. It is not enough to show that the jury may have agreed on some issues at some time; if that limited showing were to control, uncertainties would be invited." *A Juvenile* v. *Commonwealth*, 392 Mass. 52, 56-57 (1984). See also *Commonwealth* v. *Brown*, 367 Mass. 24, 28 (1975); Mass.R.Crim.P. 27(a), 378 Mass. 897 (1979).

As is clear from the record, the only basis upon which the judge allowed the defendant's motion was the conflict between the verdict slip and the verdict publicly announced and twice affirmed. It was, therefore, error to allow the defendant's motion for a new trial.

### 4. *Conclusion.*

The order allowing the defendant's motion for a mistrial is reversed, and the matter is remanded for entry of the verdict of guilty, as announced and affirmed by the jury, and for imposition of sentence.

*So ordered.*