DAVID SIBINICH *vs.* COMMONWEALTH. April 23, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3. We affirm.

The petitioner was convicted in 1982 of armed robbery, assault with intent to murder, assault and battery by means of a dangerous weapon, and assault in a dwelling with intent to commit a felony. His convictions were affirmed on appeal, *Commonwealth* v. *Sibinich*, 15 Mass. App. Ct. 1105 (1983), and further appellate review was denied, 389 Mass. 1101 (1983). His first four motions for a new trial were unsuccessful. See 19 Mass. App. Ct. 1115 (1985); 33 Mass. App. Ct. 246 (1992); 45 Mass. App. Ct. 1115 (1998); 46 Mass. App. Ct. 1121 (1999). In 1997, he filed a "Motion in the Nature of a Writ of Error," in the Supreme Judicial Court for Suffolk County,[1] contesting the

---

[1] We allowed the Commonwealth's motion to file its application late.

[1] Relief formerly available through a "writ of error" is now available through a post-conviction motion under Mass. R. Crim. P. 30, 378 Mass. 900 (1979). See *Commonwealth* v. *Christian*, 429 Mass. 1022, 1023 (1999).

constitutionality of his sentences. The single justice, pursuant to G. L. c. 211, § 4A, transferred the matter to the Superior Court for disposition.

On April 5, 1999, a judge in the Superior Court issued the following order on the petitioner's motion: "Decline to act. This is simply another attempt to raise issues previously asserted in several motions for a new trial. The only change is that the defendant styles this request as a 'Writ of Error.' "

The petitioner contends that he mailed a notice of appeal from the judge's order by certified mail, return receipt requested, to the trial court clerk's office, and that the notice was delivered (and signed for) on April 30, 1999.[2] More than one year after the judge's order entered, the petitioner moved the single justice of the Appeals Court to compel the clerk to assemble and transmit the record. The single justice, however, noted that "[i]t does not appear from the docket that [the petitioner] filed a timely notice of appeal from the April 5, 1999 order as to which he apparently takes issue," and denied the petitioner's motion to compel assembly of the record.

The petitioner moved for reconsideration of that order and submitted to the Appeals Court single justice a "Domestic Return Receipt" card, addressed to the trial court clerk. The petitioner alleged that the envelope to which the card was attached contained his notice of appeal, and that the receipt card was signed by an employee of the clerk's office. The Appeals Court single justice denied the reconsideration motion, finding that the docket did not reflect the filing of a timely notice of appeal, and that the petitioner was in essence requesting leave to file a late notice of appeal, which (because more than one year had passed) the single justice had no authority to allow. Moreover, the Appeals Court single justice observed that the petitioner's proof of mailing did not evidence any link to the case.

We need not address the substance of the petitioner's arguments concerning the timeliness of his appeal, because he was not entitled to relief under G. L. c. 211, § 3.[3] The petitioner does not allege that he sought relief in the trial court, either with respect to correction of its docket, or concerning assembly of the record on appeal. *Lu* v. *Boston Div. of the Hous. Court Dep't*, 432 Mass. 1005, 1006 (2000); *Commonwealth* v. *Dias*, 12 Mass. App. Ct. 282, 286 (1981) (trial court had discretion to correct clerical error [failure to docket notice of appeal]). Nor is there any indication that the petitioner sought review from a panel of the Appeals Court of its single justice's orders.

It is settled that "relief under G. L. c. 211, § 3, is extraordinary and may not be sought as a substitute for normal appellate review. . . . Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied." (Citations omitted.) *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802 (1986). The petitioner could have filed a motion in the trial court to direct the clerk of that court to take any appropriate steps to prepare the record or correct the docket, *Royal Tool & Gauge Corp.* v. *Clerk*

---

[2]The copy of the purported notice of appeal provided to us indicates that copies were sent to the district attorney's office and the Appeals Court clerk's office as well. The Commonwealth makes no representation whether it received a copy.

[3]Although we need not address the substance of the petitioner's underlying claim that his sentence reflects "inequity" or "disparity in sentencing," the claim appears meritless in light of the serious injuries to the elderly victim.

*of the Courts for the County of Hampden*, 326 Mass. 390, 392 (1950); he could have appealed from any adverse ruling; or he could have pursued an appeal from the Appeals Court's single justice rulings to a panel of the Appeals Court. See *Maza* v. *Commonwealth*, 423 Mass. 1006, 1006 (1996), and cases cited. Because other remedies were available to him, he was not entitled to relief under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on briefs.

*Joseph A. Pieropan*, Assistant District Attorney, for the Commonwealth.

*David Sibinich*, pro se.