EDWARD TAVARES, JR. *vs.* COMMONWEALTH. March 7, 2005. *Supreme Judicial Court,* Superintendence of inferior courts.

Edward Tavares, Jr., appeals from the denial by a single justice of this court of his petition pursuant to G. L. c. 211, § 3, in which he asked the single justice to vacate a Superior Court judge's denial of his fifth motion for a new trial. We affirm.

In 1987, Tavares was convicted of assault and battery, assault with intent to kill, and aggravated rape. On direct appeal, his convictions were affirmed by the Appeals Court. *Commonwealth* v. *Tavares,* 27 Mass. App. Ct. 637 (1989). His first motion for a new trial was denied in 1992, and this denial was also affirmed. *Commonwealth* v. *Tavares,* 57 Mass. App. Ct. 1111 (2003). Three further motions for a new trial were denied without appeal. Tavares' fifth motion was denied in 2000.

"It is settled that 'relief under G. L. c. 211, § 3, is extraordinary and may not be sought as a substitute for normal appellate review. . . . Where a petitioner can raise his claim in the normal course of trial and appeal, relief will be denied.' " *Sibinich* v. *Commonwealth,* 436 Mass. 1008, 1009 (2002), quoting *Foley* v. *Lowell Div. of the Dist. Court Dep't,* 398 Mass. 800, 802 (1986). Tavares was entitled to appeal from the denial of his fifth motion, Mass. R. Crim. P. 30 (c) (8), 378 Mass. 900 (1979), and in fact he is doing so.[1] Accordingly, Tavares is not entitled to relief under G. L. c. 211, § 3. *Gonsalves* v. *Commonwealth,* 442 Mass. 1016 (2004).

*Judgment affirmed.*

---

[1] When Tavares filed his G. L. c. 211, § 3, petition, it appeared from the Superior Court docket that he had never filed a notice of appeal, although the docket did reflect Tavares's request for a transcript of a hearing on the fifth motion for a new trial. At the Commonwealth's request, the Superior Court clerk's office searched its records and found that he had submitted a notice of appeal, but it had not been properly docketed. On discovering this error, the clerk promptly docketed the notice nunc pro tunc and placed another order for the transcript. While we are concerned about the initial failure to docket the notice of appeal, there is no evidence that this was anything other than an honest mistake. We also note that the problem might have been discovered more quickly if Tavares, at any time between the filing of his notice of appeal and the filing of his G. L. c. 211, § 3, petition, had asked the clerk about the status of his appeal.

The case was submitted on briefs.

*Edward Tavares, Jr.,* pro se.

*M. Catherine Huddleson,* Special Assistant District Attorney, for the Commonwealth.