STANLEY L. DONALD *vs.* COMMONWEALTH. December 9, 2008. *Supreme Judicial Court,* Appeal from order of single justice, Superintendence of inferior courts. *Practice, Criminal,* Transcript of hearing.

Stanley L. Donald appeals from a judgment of a single justice of this court concerning an order entered in the Superior Court denying his request for a free copy of his transcript. We affirm.

Donald, convicted of various offenses in the Superior Court, appealed from his sentences to the Appellate Division of the Superior Court. The appeal was dismissed. He then moved in the Superior Court for a free copy of the transcript of the Appellate Division proceedings, pursuant to G. L. c. 261, § 27C (4). A judge in the Superior Court denied the motion; a "Clerk's Notice" of the decision, addressed to Donald, was dated August 13, 2008. Thereafter, Donald filed a notice of appeal in the county court rather than in the Superior Court, as required by G. L. c. 261, § 27D. That notice was dated August 21, 2008, and was received by the clerk of the county court on August 26, 2008. The single justice, treating the matter under G. L. c. 211, § 3, denied relief without a hearing. Donald moved unsuccessfully for reconsideration.

Donald has filed a memorandum and record appendix, which we treat as filed pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). The single justice neither abused his discretion nor otherwise erred in declining to afford Donald relief under G. L. c. 211, § 3. Donald had an adequate alternative remedy: the proper route for one to challenge a Superior Court's denial of a request for a free transcript is to file a notice of appeal *in the Superior Court* within seven days of being notified of the denial; the clerk of that court then notifies the judge who entered the denial; the judge issues written findings

---

[2]As to one of the aggravated rape indicments, Martin was convicted of a lesser included offense.

and reasons for the denial; the clerk forwards those findings and any other documents on file relevant to the appeal to the clerk of the Appeals Court; and the matter is referred to a single justice of the Appeals Court for decision. See G. L. c. 261, § 27D.

The judgment denying relief pursuant to G. L. c. 211, § 3, is therefore affirmed. Because Donald mistakenly filed his notice of appeal in the county court, an order shall be entered in the county court transferring his notice of appeal to the Superior Court in Middlesex County, nunc pro tunc to August 26, 2008, the date it was received by the county court. We express no view as to whether the notice was timely or whether the appeal has merit; those issues are to be resolved in the regular course pursuant to § 27D.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Stanley L. Donald*, pro se.