NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12037


COMMONWEALTH  vs.  JAHMAL BRANGAN.



Hampden.     April 7, 2016. – August 12, 2016.

Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk, &
Hines, JJ.[1]



Practice, Criminal, Appeal by Commonwealth, Mistrial.



Indictment found and returned in the Superior Court
Department on February 25, 2014.

The case was tried before Mark D. Mason, J., and a mistrial
was ordered by him.

The Supreme Judicial Court granted an application for
direct appellate review.


Amal Bala, Assistant District Attorney, for the
Commonwealth.
Merritt Schnipper for the defendant.


CORDY, J.  On March 13, 2015, a jury convicted the

defendant of armed robbery while masked, in violation of G. L.

c. 265, § 17.  During closing argument, the defendant objected

---

[1] Justice Duffly participated in the deliberation on this
case prior to her retirement.

to a series of the prosecutor's statements, and at its conclusion moved for a mistrial, claiming that those statements constituted prejudicial error.  The trial judge, who had given curative instructions in response to the defendant's objections, took the defendant's motion under advisement, gave the jury final instructions, and placed the case in their hands for deliberations.

After the jury returned a guilty verdict, the judge solicited briefs from both parties on the prejudicial error issue and held a nonevidentiary hearing.  He then granted the defendant's motion for a mistrial,[2] ordering that the defendant's indictment would stand for retrial.  The Commonwealth sought an appeal of the judge's decision pursuant to G. L. c. 278, § 28E, suggesting that the judge had granted a motion for a new trial, as opposed to a mistrial.  The case was entered in the Appeals Court, and we allowed the defendant's motion for direct appellate review.

On appeal, the Commonwealth argues that, although an order granting a mistrial is generally not appealable, we have jurisdiction to hear its appeal pursuant to G. L. c. 278, § 28E, because the defendant's motion, granted after the verdict, was akin to a motion for relief from a guilty verdict under the

---

[2] The judge also denied the Commonwealth's motion to stay proceedings pending an appeal after concluding that the Commonwealth had no right to appeal his order.

Massachusetts Rules of Criminal Procedure.[3]  See Mass. R. Crim.

P. 25 (c), as amended, 420 Mass. 1502 (1995) (right of appeal

where motion for required finding of not guilty granted after

verdict of guilty); Mass. R. Crim. P. 30 (c) (8), as appearing

in 435 Mass. 1501 (2001) (right of appeal where motion for new

trial granted).  Because we conclude that the timing of the

order granting the defendant's motion for a mistrial, brought

prior to the verdict, did not change the character of that

motion, the Commonwealth is not entitled to an appeal.

1.  Background.  We summarize the facts in the light most

favorable to the Commonwealth.  On January 17, 2014, a bank in

Springfield was robbed.  The robber passed a note to the bank

teller stating that he had a weapon and demanding that she give

him money.  The robber fled the bank after obtaining less than

$1,000.  The police arrived at the bank a short time later.  The

responding officer instructed the bank employees to leave the

note untouched.  The note was collected as evidence and

processed for fingerprints within hours of the commission of the

crime.  The defendant was arrested after his thumbprint was

found on the note.

---

[3] General Laws c. 278, § 28E, provides in relevant part that
the Commonwealth may take an appeal "from a decision, order or
judgment of the court . . . allowing a motion for appropriate
relief under the Massachusetts Rules of Criminal Procedure."

At trial, a police officer testified that, in addition to the defendant's thumb print, the note was marked by a "right hand writer's palm" print.  While the palm print was unusable for purposes of seeking a match with the defendant, the officer opined that, because of the position and orientation of the print, the person who wrote the note was likely left-handed.

During the Commonwealth's closing argument, the prosecutor, in an attempt to link the defendant to the writer's palm print left on the robbery note, stated to the jury:  "it would be impossible to write the note right-handed and put that mark on the note.  Left-handed, someone holding the paper [sic].  You've got to watch [the defendant] the whole trial take his notes left-handed."  The defendant objected to the prosecutor's statement on the basis that evidence of the defendant's left-handedness was not introduced through a witness at trial.[4]  The judge struck the statement and gave curative instructions to the jury after the objection was made.[5]  As noted, the defendant orally moved for a mistrial at the end of the Commonwealth's

---

[4] The defendant lodged three objections during the Commonwealth's closing argument, only one of which is relevant for the purposes of this appeal.  All three objections were sustained, and the judge gave the jury limiting instructions on each.  The judge, however, only granted the mistrial due to the left-handedness statement.

[5] The judge informed the jury that the statement about the defendant writing with his left hand "is not evidence and will not be construed as evidence for your purposes during the course of your deliberations."

closing argument, and the judge took the motion under advisement.

After the jury's guilty verdict was entered,[6] the judge informed counsel that the defendant's motion for a mistrial remained pending. The defendant requested that his prior motion for a mistrial be both briefed and heard, which the judge allowed, explaining that the defendant should "reduce [his] motion for mistrial to writing." The judge also requested that any motions for postconviction relief be submitted in conjunction with the motion for a mistrial.

The defendant filed a brief in support of his motion for a mistrial. After a nonevidentiary hearing, the judge issued a detailed memorandum of decision allowing the defendant's motion for a mistrial and ordering a retrial. In his memorandum, the judge concluded as follows:

> "[b]ased on personal observations at trial and the evidence before the jury, . . . the error went to the heart of [the defendant's] defense and did make a difference in the jury's conclusion. The error was prejudicial. Despite the Court's best efforts to immediately strike the prosecutor's comment and instruct the jury appropriately, no curative instruction would have been sufficient to mitigate the excessive nature of the prosecutor's comment. [The defendant] has overcome the presumption that the jury followed the Court's curative instructions pertaining to this issue."

---

[6] The jury deliberated for eleven hours over three days before rendering their verdict.

The Commonwealth moved to stay proceedings subsequent to the issuance of the order allowing the defendant's motion for a mistrial.[7]  The judge denied the order, holding that a "[m]istrial where, as in this case, retrial has been ordered 'ordinarily is neither appealable by the Commonwealth nor a bar to retrial on double jeopardy grounds.'  Commonwealth v. Curtis, 53 Mass. App. Ct. 636, 639 [2002]."  The Commonwealth now appeals the judge's order granting the defendant's motion for a mistrial, and argues that it is entitled to such appeal because the order came after the jury's verdict.

2.  Discussion.  a.  Characterization of the motion. Generally, when a mistrial is ordered upon a defendant's motion, such order is not appealable by the Commonwealth when a new trial is contemporaneously ordered because the order granting the mistrial does not dispose of the case with finality. See Commonwealth v. Lam Hue To, 391 Mass. 301, 310-311 (1984). Contrast Curtis, 53 Mass. App. Ct. at 639 (dismissal of complaint with prejudice pursuant to motion for mistrial reviewable because "[t]he essence of the judicial action was finality").  On the other hand, where a judge has granted a postverdict motion for a new trial, see Mass. R. Crim. P. 30 (b), 378 Mass. 896 (1979), or a postverdict motion for a

---

[7] The Commonwealth labeled the judge's order as an order allowing the defendant's motion for a new trial.

required finding of not guilty, see Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995), that decision is appealable. See G. L. c. 278, § 28E. Therefore, whether the Commonwealth's appeal is properly before us turns on the procedural posture of the trial judge's order granting the defendant's motion for a mistrial.

The Commonwealth argues that the trial judge's decision to take the defendant's motion for a mistrial under advisement, coupled with the defendant's filing of a supplemental brief in support of it, turns this case from an average mistrial case into an order that is appealable. We disagree. There is no question that the judge intended to grant a mistrial. He had a "practice" of taking motions for a mistrial under advisement, acknowledged that the defendant's motion was still pending after the verdict, and, in his order, explicitly allowed the defendant's "[m]otion for [a] [m]istrial."[8] However, "[i]n determining whether the Commonwealth may take an appeal from a judicial action, we look to the true nature of the action rather than to what it has been termed or to its particular form." Curtis, 53 Mass. App. Ct. at 639, citing Commonwealth v. Hosmer, 49 Mass. App. Ct. 188, 189-190 (2000) ("We are not bound by labels or checkmarks on a form"). See Commonwealth

_____

[8] Additionally, the judge requested that the defendant file any motions for postconviction relief with his supplementary brief on his motion for a mistrial.

v.Powers, 21 Mass. App. Ct. 570, 571 (1986), citing Commonwealth v. Preston, 393 Mass. 318, 322-323 (1984).

In support of its argument that the order directing that there be a retrial was a form of postverdict relief, the Commonwealth cites to Powers, supra. In Powers, 21 Mass. App. Ct. at 571, a mistrial was granted on the defendant's motion filed after the jury foreperson announced that the jury found the defendant guilty, but the jury's verdict slip was erroneously marked "not guilty." The Commonwealth appealed, arguing that it had the authority to do so on the basis that the defendant's motion, although labeled a motion for a mistrial, was truly a motion for a new trial. See id. at 571-572. The Appeals Court, noting that the motion was brought after the jury returned its verdict and that the judge, in ruling on the motion, referred to it as a motion for a new trial, held that the motion was "in the nature and substance of a motion for a new trial," and was thus appealable. Id. at 572.

The procedural posture of the motion in Powers differs significantly from that of the defendant's in the present case. Here, the defendant brought his motion for a mistrial as soon as procedurally possible, and well before the jury returned its verdict. The fact that the mistrial was granted after the verdict was not a result of when the motion was brought or any other action of the defendant, but instead due to the trial

judge's decision to take the defendant's motion under advisement.  We have previously condoned the practice of taking motions for mistrial under advisement until after the jury return their verdict, and we see no reason to depart from that position based on the circumstances presented in this case. See Commonwealth v. Murchison, 392 Mass. 273, 275 (1984) ("judge's decision to defer action on the defendant's motion for a mistrial until after the verdict was one of fairness and common sense").

Our conclusion is supported by the policy implications arising from a judge's decision to defer judgment on a defendant's motion for a mistrial in the present circumstances. Where a defendant's motion for a mistrial is brought during closing arguments and presents a close question, a judge's decision to defer ruling on the motion until after the jury return their verdict enhances judicial efficiency and preserves valuable judicial resources by "obviating the need for a retrial should the verdict result in an acquittal."  See Robinson v. Commonwealth, 13 Va. App. 574, 577 (1992).  See also Companioni v. Tampa, 51 So. 3d 452, 455 (Fla. 2010), quoting Ed Ricke & Sons v. Green, 468 So. 2d 908, 910 (Fla. 1985) ("it is quite reasonable for a trial judge to reserve ruling [on a motion for a mistrial] until after the jury

deliberates in the hope that the jurors can rise above the
alleged prejudice and cure the error").[9]

That the judge took the defendant's motion under advisement
was a reflection on the complexity of the issue.  To allow such
motion to be appealed simply because it was granted postverdict
would be to change the character of the motion.  Allowing the
judge to take the motion under consideration affords the judge
the opportunity to effectively balance the need to maintain
judicial resources with the principles of fairness to which each
criminal defendant is entitled.  Because the defendant's motion
cannot be characterized as a motion for relief from a guilty
verdict pursuant to either rule 25 (b) (2) or rule 30 (b), the
Commonwealth has no right to appeal the judge's order granting
the defendant's motion for a mistrial and ordering that the
defendant be retried.[10]

b.  <u>Double jeopardy</u>.  The defendant argues that he is
entitled to an analysis of the sufficiency of the evidence in
order to determine whether double jeopardy bars his retrial

---

[9] Our endorsement of this practice in the circumstances of
this case should not be construed as encouraging judges to defer
acting on such motions based on errors that occur earlier in a
trial where deferral would not necessarily promote the same
policy of judicial economy.

[10] Our holding in this case does not limit our general
superintendence powers set forth in G. L. c. 211, § 3.  If a
judge's mistrial determination constitutes particularly
egregious error, such a decision remains reviewable by this
court.  See <u>id</u>.  We find no such error here.

pursuant to Berry v. Commonwealth, 393 Mass. 793 (1985). "The United States Constitution and Massachusetts common and statutory law protect criminal defendants from being twice placed in jeopardy for the same crime." Choy v. Commonwealth, 456 Mass. 146, 149, cert. denied, 562 U.S. 986 (2010). See Commonwealth v. Beal, 474 Mass. 341, 353-354 (2016), quoting Burks v. United States, 437 U.S. 1, 11 (1978) (Massachusetts common-law double jeopardy rule "forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding").

The judge, in granting the motion for a mistrial, determined that the Commonwealth could retry the defendant, because the prosecutor's misconduct did not reach such a level as to warrant dismissal of the indictment against the defendant due to double jeopardy. See Murchison, 392 Mass. at 275-276. The defendant did not appeal the trial judge's conclusion that double jeopardy would not bar a retrial, nor did he file a motion to dismiss his case based on the insufficiency of the evidence at the first trial. The issue is therefore not properly before us on appeal. See Pena v. Commonwealth, 426 Mass. 1015, 1016 & n.2 (1998) (double jeopardy appeal not procedurally sound unless Commonwealth has sought to retry defendant and defendant has filed motion to dismiss).

3. <u>Conclusion</u>. The trial judge's order granting the defendant's motion for a mistrial is not appealable, and the indictment stands for retrial.

<u>So ordered</u>.