NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12568


COMMONWEALTH  vs.  ABDULLAH YASIN.



Suffolk.     March 5, 2019. - October 16, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher,
& Kafker, JJ.



Practice, Criminal, Motion for a required finding, Required
     finding, Interlocutory appeal, Waiver.




Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on May 9, 2018.

The case was reported by Kafker, J.


Houston Armstrong, Assistant District Attorney (Tara B.
Burdman, Assistant District Attorney, also present) for the
Commonwealth.
James L. Sultan (Kerry A. Haberlin also present) for the
respondent.
Nancy A. Dolberg, Committee for Public Counsel Services,
for Committee for Public Counsel Services, amicus curiae,
submitted a brief.


GAZIANO, J.  At the close of the Commonwealth's case in the

defendant's trial for murder in the first degree, the defendant

moved for a required finding of not guilty pursuant to Mass. R.

Crim. P. 25 (a), as amended, 420 Mass. 1502 (1995). Notwithstanding the plain language of rule 25 (a), which requires a judge to decide a motion for a required finding at the close of the Commonwealth's case "at that time," the judge reserved decision over the defendant's objection. The defendant then was required to rest or put on his case. At the close of all the evidence, the defendant again sought a motion for a required finding, and the judge submitted the case to the jury pursuant to Mass. R. Crim. P. 25 (b) (1), as amended, 420 Mass. 1502 (1995), also over the defendant's objection. After the jury returned a verdict of guilty of murder in the second degree, the defendant renewed his motion under rule 25 (a). In the alternative, he sought relief pursuant to Mass. R. Crim. P. 25 (b) (2), as amended, 420 Mass. 1502 (1995). At the defendant's suggestion, the judge allowed the defendant's rule 25 (a) motion, nunc pro tunc, to the close of the Commonwealth's case. The Commonwealth subsequently filed a petition for relief pursuant to G. L. c. 211, § 3, in the county court, and the single justice reserved and reported two questions to the full court.

We conclude that the judge erred in reserving decision on the defendant's rule 25 (a) motion filed at the close of the Commonwealth's case, and that the error violated the defendant's right to due process. In addition, the error permeated the

remainder of the trial.  In allowing the motion for a required finding nunc pro tunc after the jury returned their verdict, the judge abused her discretion and deprived the Commonwealth of its right to appeal from a postverdict acquittal.  See Mass. R. Crim. P. 25 (c) (1), 389 Mass. 1107 (1983).  Both parties, therefore, were harmed by judicial error.  Because the initial error implicated the defendant's constitutional rights and infected the remainder of the trial, however, we are constrained to conclude that the Commonwealth may not appeal from the allowance of the motion.[1]

1.  Background.  In November 2016, the defendant was indicted on charges of murder in the first degree, G. L. c. 265, § 1, and assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b), in the shooting death of Chaz Burton.

The defendant was tried before a Superior Court jury.[2]  At the close of the Commonwealth's case, he moved under Mass. R. Crim. P. 25 (a) for a required finding of not guilty as to the

---

[1] We acknowledge the amicus brief submitted by the Committee for Public Counsel Services.

[2] The defendant was tried jointly with codefendant Fabian Llano, who was indicted on charges of murder in the first degree, G. L. c. 265, § 1; two counts of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b); and intimidation of a police officer, G. L. c. 268, § 13B.  The codefendant was acquitted on the charge of murder and convicted of the other charges.

charge of murder.[3]  During a hearing on the motion, the judge observed that murder premised on a theory of extreme atrocity or cruelty was "totally unsupported" by the evidence.  In addition, she noted that there was no evidence as to the identity of the shooter or the circumstances under which the shooter had acted. The judge summarized the Commonwealth's case as, "some unknown person came down in the middle of [a] melee and shot [the victim] as he was apparently waving a knife" at others, after having stabbed "at least" two people.  Based on the evidence of the victim's conduct, the judge said that "there [was] certainly evidence raised of self-defense, [and] defense of others, enough so that the Commonwealth then [had] to prove beyond a reasonable doubt that the perpetrator was not acting in self-defense" or in defense of others.[4]  The judge also said that the Commonwealth

---

[3] The defendant did not challenge his conviction of assault and battery by means of a dangerous weapon.

[4] In reviewing the defendant's motion for a required finding at the close of the Commonwealth's case, the judge asked the prosecutor,

> "Since we have no idea who this shooter is and why he or she did what they did and the circumstances under which they acted, and understanding that an unlawful killing is one . . . where the Commonwealth can prove that the individual did not act in self-defense or defense of others but with the requisite intent for first degree murder, how are you going to be able to prove that, given that we have no idea who the shooter is and the circumstances under which the shooter acted?  How can you argue to the jury that the shooter committed murder, which I think is a

had failed to present any such evidence and thus that the Commonwealth had not proved that the killing was unlawful. She noted, as well, that the Commonwealth had presented no evidence that the defendant had aided or abetted the shooter. For all practical purposes, the judge thus deemed the evidence insufficient to convict the defendant of murder.

Acting under an apparent misapprehension of the requirements of Mass. R. Crim. P. 25 (a), however, the judge said that she was "inclined to reserve" decision on the defendant's rule 25 (a) motion filed at the close of the Commonwealth's case, in order to "let the jury decide it" and to avoid a retrial. The defendant objected, arguing that he was "entitled to a judgment of acquittal at [that] stage" of the trial. The Commonwealth did not object, and indeed made no comment concerning the reservation of decision.

At the close of all the evidence, the defendant again sought a directed verdict under Mass. R. Crim. P. 25 (a) with respect to the indictment charging murder in the first degree; the judge reserved decision pursuant to Mass. R. Crim. P. 25 (b) (1). After four days of deliberation, the jury convicted the defendant of murder in the second degree and assault and battery by means of a dangerous weapon.

---

necessary prerequisite for the defendant[] to be found guilty under a theory of joint venture?"

The defendant subsequently moved to renew the rule 25 (a) motion that he had filed at the close of the Commonwealth's case. He also moved, in the alternative, for a required finding of not guilty, or other relief, under Mass. R. Crim. P. 25 (b) (2). At a hearing on the motion, the defendant argued that it was error for the judge to have reserved decision on the rule 25 (a) motion filed at the close of the Commonwealth's case, and requested that the judge allow the motion nunc pro tunc to the time it had been filed. The Commonwealth did not object to, or otherwise address, the defendant's request to allow his rule 25 (a) motion nunc pro tunc, but did argue that it had presented sufficient evidence to overcome a motion for required finding of not guilty.

The judge explained that she had reserved decision on the rule 25 (a) motion filed at the close of the Commonwealth's case because she had been "[c]onfident that the jury would see the deficiencies" in the Commonwealth's evidence. She explained further that "there was only one verdict that was legally possible in [her] view, and that was a verdict of not guilty on the murder charge." The judge outlined her view of "deficiencies" in the evidence, including insufficient evidence of an unlawful killing, of aiding and abetting, and of the

shooter's identity.[5]  Reiterating an apparent misapprehension of

---

[5] The judge observed,

"This Court . . . disagrees with the Commonwealth when it appears to suggest that [the defendant's] kicking of [the victim] somehow contributed to his death.  In short, a tie between [the defendant] and the shooter is critical, and the evidence showing beyond a reasonable doubt that [the defendant] assisted the shooter in some way in bringing about that death was required, and that evidence was simply missing.

"There was no evidence of any kind of any interaction between [the defendant] and the shooter, whoever that shooter may have been.  Indeed, there was no evidence the shooter was even a guest at the . . . birthday party, much less that he or she was part of the group that followed [the victim] into the hallway or that [the defendant] knew or even met that person.  There was no evidence any gun was displayed at any time before the shooting or that [the defendant] had any advance knowledge that anyone was so armed. . . .

"[T]he evidence showed that . . . family and friends surrounded [the victim] in the hallway armed with stakes, a bottle, a shoe and a knife.  If this were enough to support a joint venture as to murder, then one wonders why everybody involved in the melee was not charged with murder.  That they were not suggests that the Commonwealth itself knew that this evidence was legally insufficient.

"Moreover, unlike several others charged in this case, [the defendant] himself was not armed at any time with any weapon.  There was no evidence he was involved in any argument with [the victim] at the party much less that he even knew about one.  There was no evidence he played any part in the fighting that occurred outside the building.  And although he was in the hallway, there's no evidence he did anything in the hallway except be present there.  This is in contrast to [the codefendant], who is convicted of throwing a trash can in the hallway.  That [the defendant] kicked [the victim] after he had been fatally shot is not in and of itself enough to support the jury's finding of second degree murder, and yet that would appear to be the evidence upon which the jury relied."

the provisions of Mass. R. Crim. P. 25 (a), the judge said that she had "always thought that if [she] allowed a motion for a directed verdict at the close of the Commonwealth's case," her decision "could be appealed by the Commonwealth and could be reviewed" by an appellate court.

Ultimately, the judge allowed the defendant's rule 25 (a) motion nunc pro tunc to the close of the Commonwealth's case. In the alternative, the judge allowed the defendant's motion under rule 25 (b) (2) for a required finding as to the murder charge.[6]  The prosecutor did not object, and did not seek reconsideration of the judge's decision.  Instead, the Commonwealth filed a notice of appeal in the Superior Court and entered its appeal in the Appeals Court.  Because the appeal was prematurely filed, it was dismissed without prejudice.

---

[6] Before issuing her ruling under Mass. R. Crim. P. 25 (b) (1), as amended, 420 Mass. 1502 (1995), the judge addressed defense counsel as follows,

"[Counsel], let me just ask you one more question.  Going back to the distinction you've made between the required finding at the close of the Commonwealth's case that you say is unreviewable and this discretionary finding and this, frankly, surprising revelation to me that I'm not sure I agree with that it cannot be appealed, let's say you were wrong on that for a minute and that if I were to rule on the motion at the close of the Commonwealth's case, nunc pro tunc, or whatever, that that was reviewable, wouldn't it be a good idea for me to also visit or rule on the second part of your argument?  In other words, if I were to allow this motion, I feel very confident that the Commonwealth would appeal."

The defendant filed a motion in the Superior Court to strike the Commonwealth's notice of appeal. He argued that the allowance of his rule 25 (a) motion, nunc pro tunc to the close of the Commonwealth's case, constituted an unreviewable acquittal under principles of double jeopardy. The Commonwealth then filed a petition pursuant to G. L. c. 211, § 3, in the county court, seeking relief from the judge's decision to allow the rule 25 (a) motion nunc pro tunc. The defendant opposed the petition.

The single justice stayed the defendant's motion to strike the notice of appeal in the Superior Court, and reserved and reported the following questions to the full court:

> "1. Whether a judge may reserve ruling on a [Mass. R. Crim. P. 25 (a)] motion made at the close of the Commonwealth's case and, after the jury has returned a guilty verdict, allow that motion nunc pro tunc to the close of the Commonwealth's case, or whether such a ruling falls under [Mass. R. Crim. P. 25 (b)]?

> "2. May such a ruling be appealed by the Commonwealth?"

After argument before us, and while the matter was under advisement, the Commonwealth again entered an appeal in the Appeals Court. The defendant's motion to stay that appeal was allowed.

2. _Discussion_. a. _Waiver_. The Commonwealth did not object when the judge reserved decision on the motion for a directed verdict filed at the close of the Commonwealth's case.

When the judge ultimately allowed the motion nunc pro tunc, the Commonwealth did not object to the entry nunc pro tunc, but did object to the conclusion that the evidence was insufficient. Therefore, the defendant contends that the Commonwealth has waived any claims concerning the reservation of decision and the entry nunc pro tunc. In its petition to the county court, and in its brief before this court, the Commonwealth has not addressed the question of waiver.

As the defendant points out, "[i]t is a fundamental principle of appellate review that a prompt objection at trial is a prerequisite to the presentation of an issue for appellate review." Commonwealth v. Andrade, 481 Mass. 139, 141-142 (2018), quoting Commonwealth v. Gallison, 383 Mass. 659, 669 (1981). "Prompt objections by parties allow judges to cure any defects in the proceedings when they occur." Andrade, supra at 141 n.2. "A party may not remain 'mute as to a particular procedure, abiding the event of decision and, finding the decision unfavorable, attack . . . that decision as procedurally defective'" (citation omitted). Commonwealth v. DelVerde, 401 Mass. 447, 448 n.2 (1988).

We long have held that "we need not consider an argument that urges reversal of a trial court's ruling when that argument is raised for the first time on appeal." Commonwealth v. Bettencourt, 447 Mass. 631, 633 (2006). See, e.g., Commonwealth

v. Fredericq, 482 Mass. 70, 84 n.9 (2019) ("We will not here address the merits of that argument because the Commonwealth did not argue it below . . ."); Commonwealth v. Alexis, 481 Mass. 91, 101 (2018) (argument waived because Commonwealth raised it for first time on appeal); Commonwealth v. Leslie, 477 Mass. 48, 58 (2017) ("The Commonwealth failed to raise this argument below, and therefore it is waived"); Commonwealth v. Dery, 452 Mass. 823, 825 (2008) ("we conclude that the Commonwealth forfeited any such claim when it failed to object"); Commonwealth v. Black, 403 Mass. 675, 677-678 (1989) (Commonwealth's argument "has no force" where Commonwealth "failed to object" and "willingly" participated in proceedings "potentially dispositive of the case").  Thus, we ordinarily decline to consider on appeal the merits of an argument that was not presented in the trial court.

Nonetheless, we do "occasionally exercise our discretion" to consider an issue that is raised for the first time on appeal.  See Bettencourt, 447 Mass. at 633.  We generally do so only where "the questions presented are of some public importance" and where "the outcome of the case is not changed by our consideration of them" (citation omitted).  Id.  Contrast Commonwealth v. Morrissey, 422 Mass. 1, 4 n.5 (1996) ("it is rare for us to consider an argument for reversal of a lower court which is first raised on appeal and is dispositive in

favor of the party belatedly raising the issue" [citation omitted]). In addition, we may weigh whether the parties have "fully briefed" the relevant issues, see Commonwealth v. Daniel, 464 Mass. 746, 755 (2013); Commonwealth v. Sheehy, 412 Mass. 235, 237 n.2 (1992), and whether an otherwise waived argument is "essentially an extension" of an argument that was raised properly, see Commonwealth v. Powell, 468 Mass. 272, 275 n.5 (2014).

Whether a trial judge may reserve decision on a preverdict motion for a required finding under rule 25 (a), and then retroactively allow that motion nunc pro tunc, is a question of importance, the answer to which will affect the prosecution, defense, and adjudication of numerous trials in our courts. The outcome of this case is not changed by our consideration of the Commonwealth's newly raised arguments, and the issues have been fully briefed. Accordingly, in our discretion, we conclude that the circumstances of this case warrant review of issues that otherwise have been waived by the Commonwealth.

b. <u>Reservation of rule 25 (a) decision</u>. Because the defendant objected when the judge reserved decision on his motion under rule 25 (a) at the close of the Commonwealth's case, the defendant's claims of error are preserved. When reviewing preserved constitutional error, we must determine whether the error was "harmless beyond a reasonable doubt." See

Commonwealth v. Tyree, 455 Mass. 676, 700-701 (2010).

Rules of procedure "have the force of law and may not be disregarded by an individual judge" (citation omitted). Commonwealth v. Brown, 395 Mass. 604, 606 (1985). "[T]o interpret a rule of criminal procedure, we begin with the plain language of the rule." Commonwealth v. Wright, 479 Mass. 124, 133 (2018), quoting Commonwealth v. Hanright, 465 Mass. 639, 641 (2013). When a defendant files a motion for a required finding at the close of the Commonwealth's case, the plain language of Mass. R. Crim. P. 25 (a) requires that the motion "shall be ruled upon at that time."[7] See Commonwealth v. Hurley, 455 Mass. 53, 68 (2009) ("the judge must rule on that motion at that time and may not reserve it"). Indeed, we have said that rule 25 (a) contains a "prohibition against reserving decision" on a motion for a required finding filed at the close of the Commonwealth's case. See id.

On appeal, the parties agree that it was error for the judge to reserve decision on the defendant's motion for a required finding filed at the close of the Commonwealth's case. See Mass. R. Crim. P. 25 (a). With respect to prejudice caused by this judicial error, we previously have concluded that

---

[7] By contrast, when a motion for a required finding of not guilty "is made at the close of all the evidence, the judge may reserve decision" pursuant to Mass. R. Crim. P. 25 (b) (1). See, e.g., Commonwealth v. Therrien, 383 Mass. 529, 531 (1981).

because "the purpose" of a rule 25 (a) motion "is to protect 'a defendant's right to insist that the Commonwealth present proof of every element of the crime with which he is charged before he decides whether to rest,' we discern no prejudice to the Commonwealth" when a "judge reserve[s] judgment" on a rule 25 (a) motion "made at the close of the Commonwealth's case" (emphases in original; citation omitted).  See Commonwealth v. Preston, 393 Mass. 318, 321 n.2 (1984).

The defendant, on the other hand, was prejudiced by the judicial error.  Rule 25 (a) of the Massachusetts Rules of Criminal Procedure mandates that a judge "shall enter a finding of not guilty of the offense charged . . . if the evidence is insufficient as a matter of law to sustain a conviction on the charge."  The rule thus "protects a defendant's right to insist that the Commonwealth present proof of every element of the crime with which [the defendant] is charged before he decides to rest or to introduce proof in a contradiction or exoneration." Commonwealth v. Cote, 15 Mass. App. Ct. 229, 240 (1983). Accordingly, a judge is precluded from reserving decision on a rule 25 (a) motion that is filed at the close of the Commonwealth's case.  See Hurley, 455 Mass. at 68; Preston, 393 Mass. at 321 n.2; Cote, supra.  See generally E.B. Cypher, Criminal Practice and Procedure § 37:13 (4th ed. 2014).

When the judge reserved decision on the defendant's motion for a directed verdict at the close of the Commonwealth's case, she deprived the defendant of his right to insist that the Commonwealth prove each element of murder beyond a reasonable doubt before he decided whether to rest or to present a defense. Such prejudice is manifest where, as here, the judge indicates at the time of the reservation that she strongly favors allowing the motion.  Immediately prior to reserving a decision, the judge observed that the Commonwealth had presented no evidence to identify the killer or the circumstances under which the shooter acted, or to show that the killing was unlawful, given evidence that the shooter may have acted in self-defense or in defense of others.  In addition, the judge noted that murder predicated on extreme atrocity or cruelty was "totally unsupported" by the evidence.  In effect, the judge told the parties that the Commonwealth had presented insufficient evidence to convict the defendant of murder.  After the judge made these statements, however, the trial proceeded, and the defendant was put to the choice of deciding whether to rest or to present a defense.

Writing for the United States Supreme Court in Smith v. Massachusetts, 543 U.S. 462, 471-472 (2005), Justice Antonin Scalia explained that "when, as here, the trial has proceeded to the defendant's presentation of his case, the possibility of

prejudice arises." A "false assurance of acquittal on one count may induce the defendant to present defenses to the remaining counts that are inadvisable." Id. at 472. "The seeming dismissal" of an indictment "may induce a defendant to present a defense to the undismissed charge[] when he would be better advised to stand silent." Id. See Cote, 15 Mass. App. Ct. at 240.

In an affidavit, defense counsel averred that, after "many hours" of preparing the defendant to testify at trial, the defendant was "prepared to do so" and likely would have been an "effective trial witness." Based on the judge's statements prior to reserving decision on the rule 25 (a) motion, however, counsel "formed the opinion that the trial judge agreed that the evidence was legally insufficient"; counsel therefore concluded that it would be imprudent to put the defendant on the stand. The Commonwealth does not dispute these assertions of prejudice. See Tyree, 455 Mass. at 701.

Because the judge erroneously reserved decision on the motion for a required finding at the close of the Commonwealth's case, the defendant was prejudiced and was deprived of due process.

c. Allowance of rule 25 (a) motion nunc pro tunc. On appeal, the Commonwealth contends that the judge erred in allowing the motion for a required finding nunc pro tunc to the

close of the Commonwealth's case, because the nunc pro tunc
doctrine may be used only to correct clerical errors in the
record.  The defendant maintains that a judge may, in his or her
discretion, prevent a miscarriage of justice by entering a
judgment nunc pro tunc to a prior date.[8]

Making an entry nunc pro tunc has been described as a power
"inherent in the courts" that has been "exercised . . . from the
earliest times."  A.C. Freeman, A Treatise on the Law of
Judgments 72-73 (4th ed. 1892) (Freeman).  See Green v. Clerk of
the Mun. Court of the Dorchester Dist. of Boston, 321 Mass. 487,
491 (1947). "The function of a nunc pro tunc order in general is
to put upon the record and to render efficacious some finding,
direction or adjudication of the court made actually or
inferentially at an earlier time, which by accident, mistake or
oversight was not made matter of record, or to validate some
proceeding actually taken but by oversight or mistake not

---

[8] The defendant argues that the retroactive allowance of his
rule 25 (a) motion filed at the close of the Commonwealth's
case, even if erroneously entered nunc pro tunc, nonetheless
constituted an unreviewable acquittal under the double jeopardy
clause of the Fifth Amendment to the United States Constitution.
Accordingly, he argues, the Commonwealth's pending appeal must
be dismissed.  Because we conclude that an appeal by the
Commonwealth is independently foreclosed, see Mass. R. Crim. P.
25 (c) (1), as amended, 420 Mass. 1502 (1995), we need not reach
the constitutional claim.

authorized,"[9] or "to prevent a failure of justice resulting, directly or indirectly from delay in court proceedings subsequent to a time when a judgment, order or decree ought to and would have been entered, save that the cause was pending under advisement."[10]  Perkins v. Perkins, 225 Mass. 392, 396 (1917).[11]

---

[9] Entries made nunc pro tunc have been used, for example, to amend the court's record so as to correct docketing errors caused by the parties, see Donald v. Commonwealth, 452 Mass. 1029, 1030 (2008); Tavares v. Commonwealth, 443 Mass. 1014, 1014 n.1 (2005), and to remedy "clerical" omissions and errors.  See Commonwealth v. Taylor, 113 Mass. 1, 4 (1873); State v. Maher, 35 Me. 225, 227 (1853).  See generally F.J. Lippitt, Criminal Law as Administered in Massachusetts 275 (1879).

[10] Nunc pro tunc entries are commonly made "to prevent a failure of justice" that otherwise would result, "directly or indirectly," because of a "delay in court proceedings" arising from "a judgment, order or decree" that "ought to and would have been entered," except that "the cause was pending under advisement."  See, e.g., Perkins v. Perkins, 225 Mass. 392, 396 (1917).  See also Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 338 (1965); Miller v. Emergency Hous. Comm'n, 330 Mass. 693, 700 (1953); Diggs v. Diggs, 291 Mass. 399, 402 (1935).  See generally A.C. Freeman, A Treatise on the Law of Judgments 73 (4th ed. 1892).  The harmful delay must have been caused by the court rather than by a party to the case. See Zuker v. Clerk-Magistrate of the Brookline Div. of the Dist. Court Dep't of the Trial Court, 423 Mass. 856, 862 (1996); Agawam v. County of Hampden, 130 Mass. 528, 539 (1881); Terry v. Briggs, 12 Cush. 319, 319-320 (1853); Commonwealth v. Comm'rs of Highways for the County of Hampden, 6 Pick. 501, 507 (1828); Perry v. Wilson, 7 Mass. 393, 395 (1811).

[11] Certain aspects of the common-law nunc pro tunc doctrine have been codified.  In civil matters, nunc pro tunc entries may be made under G. L. c. 235, § 4, a statute that is "declaratory of the common law."  See Almeida Bus Lines, Inc., 348 Mass. at 337.  "Clerical mistakes" in both civil and criminal cases may be corrected nunc pro tunc under Mass. R. Civ. P. 60 (a), 365

We review a judge's choice to enter a decision nunc pro tunc for abuse of discretion. See <u>Santos</u> v. <u>Chrysler Corp</u>., 430 Mass. 198, 217 (1999). An abuse of discretion occurs when a judge makes "a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). See <u>L.L.</u> v. <u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014).

Of central importance here, a judge may not use his or her authority to issue an order nunc pro tunc so as to contravene a statutory mandate or a mandate established by court rule. See, e.g., <u>Commonwealth</u> v. <u>Asase</u>, 93 Mass. App. Ct. 356, 360 (2018). Compare <u>Commonwealth</u> v. <u>White</u>, 429 Mass. 258, 263 (1999). See generally Freeman, <u>supra</u> at 264. Because the defendant's motion under rule 25 (a) was filed at the close of the Commonwealth's case, the judge was required to rule on it "at that time." See Mass. R. Crim. P. 25 (a). See, e.g., <u>Hurley</u>, 455 Mass. at 68. When the judge belatedly allowed the motion, nunc pro tunc to

---

Mass. 828 (1974), and Mass. R. Crim. P. 42, 378 Mass. 919 (1979), respectively. See Reporters' Notes to Rule 42, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1878 (LexisNexis 2018) ("Rule 42 is limited to the correction of 'clerical mistakes' or errors 'arising from oversight or omission' and does not apply to the correction of errors of substance, such as an illegal sentence or improperly obtained conviction").

the close of the Commonwealth's case, she thus contravened the plain dictates of Mass. R. Crim. P. 25 (a).  See Asase, supra.

The judge's application of the nunc pro tunc doctrine was additionally egregious given that the timing of filing and acting on motions for a required finding, explicitly set forth in Mass. R. Crim. P. 25, implicates a defendant's due process rights, on the one hand, see Cote, 15 Mass. App. Ct. at 240, and the Commonwealth's right to appeal from a postverdict acquittal, on the other hand, see Commonwealth v. Therrien, 383 Mass. 529, 536 (1981).  These competing concerns illustrate the harm caused to both a defendant and the Commonwealth when a judge contravenes the mandates of Mass. R. Crim. P. 25 (a) and later enters a ruling nunc pro tunc after the jury verdict.

For these reasons, we conclude that the judge abused her discretion in allowing the defendant's motion nunc pro tunc to the close of the Commonwealth's case.

d.  Applicable provision of Mass. R. Crim. P. 25.  "[I]n determining whether the Commonwealth may take an appeal from a judicial action, we look to the true nature of the action rather than to what it has been termed or to its particular form" (citation omitted).  See, e.g., Commonwealth v. Brangan, 475 Mass. 143, 147 (2016).  See also Preston, 393 Mass. at 322-323 ("We have long held that pleadings are to be treated 'according to their nature and substance' rather than their technical form"

[citation omitted]). We therefore are "not bound by labels or checkmarks on a form" (citation omitted). Brangan, supra.

To discern the "true nature" of a defendant's motion, we have considered whether "the defendant brought [the] motion . . . as soon as procedurally possible, and well before the jury returned their verdict." Id. We also have examined whether the motion was allowed after the jury verdict as a result of "any other action of the defendant" and whether the time of the allowance "instead [was] due to the trial judge's decision to take the defendant's motion under advisement." Id. In considering these nonexhaustive factors, we also have looked to the judge's statements, writings, and actions. See id. at 147-148.

Here, as stated, the defendant filed a motion for a required finding under Mass. R. Crim. P. 25 (a) at the close of the Commonwealth's case; this was both "as soon as procedurally possible" and "well before the jury returned their verdict." See Brangan, 475 Mass. at 147. See also Mass. R. Crim. P. 25 (a). The postverdict disposition of that motion was in no way attributable to the defendant. When the judge reserved her decision, the defendant objected, explaining that he was entitled to a finding at that time. Moreover, the judge's stated reasons for reserving the decision over the defendant's objection were based upon an evident misapprehension of the

requirements of Mass. R. Crim. P. 25 (a). The reservation did not suggest in any way an intention later to deny the defendant's motion. To the contrary, the judge "tipped [her] hand" in stating at the hearing that the evidence failed to demonstrate a number of elements of the offense. In essence, at the close of the Commonwealth's case, the judge deemed the evidence insufficient to convict the defendant of murder.

In these circumstances, "[t]o allow [a] motion to be appealed simply because it was granted postverdict would be to change the character of the motion" filed preverdict. Brangan, 475 Mass. at 148. Accordingly, we conclude that the defendant's preverdict motion must be viewed under Mass. R. Crim. P. 25 (a), rather than under Mass. R. Crim. P. 25 (b). Therefore, any appeal by the Commonwealth is foreclosed by court rule. See Mass. R. Crim. P. 25 (c) (1); Berkwitz, petitioner, 323 Mass. 41, 47 (1948) ("rules of court . . . have the force of law and are just as binding on the court and the parties as would be a statute").

3. Conclusion. As to the first reported question, a judge may not reserve decision on a motion for a required finding of not guilty under Mass. R. Crim. P. 25 (a) that is filed at the close of the Commonwealth's case. Nor may a judge allow such a motion, nunc pro tunc, after the jury have rendered their verdict. In the circumstances of this case, the defendant's

preverdict motion must be viewed under Mass. R. Crim. P. 25 (a), rather than under Mass. R. Crim. P. 25 (b).  Therefore, we answer the second reported question in the negative:  the Commonwealth may not appeal from the judge's ruling.

The matter is remanded to the county court for entry of an order affirming the allowance of the motion for a directed verdict, pursuant to Mass. R. Crim. P. 25 (a), and for entry of an order in the Appeals Court dismissing the Commonwealth's appeal.

<u>So ordered</u>.